OLE H. LEE *vs*. MINNEAPOLIS & ST. LOUIS RAILWAY COMPANY.

November 4, 1885.

34  225
54  104

**Pleading—When Motion to make more Definite lies.**—The indefiniteness or uncertainty to be relieved against on motion is only such as appears on the face of the pleading itself, and not an uncertainty arising from extrinsic facts as to what particular evidence may be produced to support it.

**Same—Application of Rule to Complaint for Personal Injury.**—The complaint alleged that plaintiff was, at a date named, injured through the negligence of defendant, in leaving unguarded in its yard a receptacle for boiling water, into which plaintiff fell, "while he was lawfully upon the premises by invitation of *defendant,* having been invited there by said defendant to obtain employment." *Held,* that a motion to make the pleading more definite and certain by stating how and when such invitation was extended, and the name and occupation of the person or agent of defendant who extended it, was properly denied.

Appeal by defendant from an order of the district court for Freeborn county, *Farmer,* J., presiding, denying its motion to require the complaint to be made more definite and certain.

*Whytock & Todd,* for appellant, cited *Hargreaves* v. *Deacon,* 25 Mich. 1; *Kohn* v. *Lovett,* 44 Ga. 251; *Cahill* v. *Layton,* 57 Wis. 600; *Fraker* v. *St. Paul, M. & M. Ry. Co.,* 30 Minn. 103; *Madden* v. *Minn. & St. L. Ry. Co.,* Id. 453.

v.34M—15

*Lovely, Morgan & Morgan*, for respondent.

MITCHELL, J. This appeal is from an order denying a motion to make the complaint more definite and certain. The action was for damages caused by the alleged negligence of defendant in leaving exposed and unguarded in its yard at Albert Lea a receptacle for boiling water, into which, on the 24th day of November, 1883, the plaintiff fell, while he "was lawfully upon said premises by the invitation of the *defendant*, having been invited there by said defendant to obtain employment." This the defendant asked to have made more definite and certain by stating how said invitation was extended to the plaintiff, and the name and occupation of the person or agent representing the defendant who extended it. In an affidavit presented by the defendant it was stated, as a reason for making the motion, that for the past two years there had been employed in and about the premises referred to an average of more than 40 men daily; that such employes were constantly changing, many going away and others taking their places; and that it was utterly impossible for defendant to know or ascertain who the person was upon whose invitation the plaintiff relies. No point is made that there is any uncertainty as to whether the pleader intended to allege an express invitation, or merely a license to enter. Defendant construes it to be the former, and what he complains of is that the pleading does not allege the name or occupation of the agent who gave the invitation.

The uncertainty is not as to what the complaint alleges, but as to the particular evidence which plaintiff will produce to sustain it. But we apprehend that the indefiniteness or uncertainty to be relieved against on motion is only such as appears on the face of the pleading itself, and not an uncertainty arising from some extrinsic facts as to what evidence will be produced to support it. This latter uncertainty is incident to all litigation, and is one against which the law cannot provide except to say that the proof must correspond with the allegations. It might be convenient for defendant to be informed of the name of the alleged agent who extended this invitation, but to require it to be stated in the complaint would be to establish a novel rule of pleading. What a person does by another he

does himself, and things may be pleaded according to their legal effect and operation, and it was perfectly good pleading to allege that the plaintiff was invited upon the premises "by defendant."

Order affirmed.