ROBERT M. TODD and others *vs.* MINNEAPOLIS & ST. LOUIS RAILWAY
COMPANY.

October 12, 1887.

Pleading—Indefiniteness.—The indefiniteness or uncertainty to be relieved
against on motion, is only such as appears on the face of the pleading
itself, and not an uncertainty arising from extrinsic facts as to what par-
ticular evidence may be produced to support it; following *Lee* v. *Minn.
& St. Louis Ry. Co.*, 34 Minn. 225.

Same—Stating Names of Agents.—A complaint need not state the names·
of officers or agents of the defendant who did the act constituting plain-
tiff's cause of action, but such acts may be pleaded generally as done by·
defendant.

Appeal by defendant from an order of the district court for Free-
born county, *Farmer, J.*, presiding, denying its motion to require the
complaint to be made more definite and certain.

The complaint alleges, in substance, that prior to October 1, 1878,
the defendant laid out certain warehouse lots on its station grounds,.
in the city of Albert Lea, Minnesota, and offered to lease them; that,
as an inducement to buyers and shippers of grain to take these lots,.
defendant, prior to that date, had laid out and dedicated and graded a
street from said lots over and across its tracks and station grounds,
connecting with the only direct travelled highway from the business·
part of the city to the station grounds; that on October 1, 1878, de-
fendant leased one of the lots to plaintiff Elmore, to whose rights
plaintiffs have succeeded, representing to him at the time that the
street had been dedicated, and was to be a permanent street and
means of access to the city; relying upon which representations of.
defendant, Elmore accepted the lease; that defendant knew at the·
time that the intent of Elmore was to erect buildings on the lot,.
for the purpose of engaging in the business of buying and selling:
grain and other merchandise, among which was a certain brand of
flour, manufactured by plaintiffs, for which they had a profitable mar-
ket at Albert Lea; that for about two years thereafter plaintiffs en-
joyed the use of the street, which was during that time kept open by

defendant; that in 1882 defendant permanently closed the street to public travel, whereby plaintiffs' business has been destroyed. For the destruction of their business, plaintiffs brought this action for damages.

Defendant's motion was based on an affidavit stating that the officers who controlled the defendant corporation at the time of the alleged lease in 1878, have since then disposed of their interest in defendant, and are now engaged in other business, and absent from the state of Minnesota; that none of the present officers have any knowledge or information of any of the allegations of the complaint above stated; that defendant is not apprised by the allegations of the complaint by whom of said former officers of defendant the negotiations, representations, etc., were made, and that without such knowledge defendant cannot safely answer the complaint; that the former officers cannot be secured as witnesses without great inconvenience to them, and expense to defendant; and that to bring them would be a hardship, when any or all of them may be immaterial witnesses if they took no part in the acts alleged; and the defendant therefore asked that the names of the officers of defendant who are alleged to have made such negotiations, etc., be stated in the complaint.

*B. S. Lewis,* for appellant.

*Lovely & Morgan,* for respondents.

MITCHELL, J.   This case is controlled by that. of *Lee* v. *Minn. & St. Louis Ry. Co.,* 34 Minn. 225, (25 N. W. Rep. 399.)   The uncertainty or indefiniteness complained of is not as to what the complaint alleges, but as to what particular evidence the plaintiffs may produce to support it.   The allegations as to the acts of the defendant railway constituting plaintiffs' cause of action are not claimed to be either uncertain or indefinite, but what defendant asks is that the plaintiffs be required to plead the names of the particular officers or agents, claimed to have done or committed these acts, so that it may be advised in advance what particular witnesses it will probably need to rebut the evidence of the plaintiffs.   To require this would be unprecedented, and subversive of the most familiar and well-established rules of pleading.

Order affirmed.