LIZZIE BOWERS *et al. vs.* SARAH SCHULER *et al.*

Argued June 9, 1893. Affirmed June 29, 1893.

**Only a Party to the Issue is an Incompetent Witness.**

The term "party to the action," as used in 1878 G. S. ch. 73, § 8, means a party to the issue to which the testimony relates, and not merely a party to the record.

**Only a Direct, Immediate, Adverse, Pecuniary Interest Disqualifies.**

The interest in the event of the action which disqualifies a person as a witness under this section must be a direct and immediate pecuniary interest adverse to that of the party against whom his testimony is offered.

**Pleading, Definite and Certain.**

Motion to require a pleading to be made more definite and certain *held* to have been properly denied.

Appeal by plaintiff, Lizzie Bowers, from a judgment of the District Court of St. Louis County, *J. D. Ensign*, J., entered March 15, 1893.

The plaintiff, Lizzie Bowers, claimed to own one undivided twelfth of the northerly seventy-five feet in width, of lots one, two, three, four and five, in block forty-four, in the Portland Division of Duluth, worth $9,000. She and her husband, Thomas Bowers, brought this action for partition, claiming the property to be so situated that actual partition of the premises could not be made without great prejudice to the owners, and asking that the property be sold and the proceeds divided. 1878 G. S. ch. 74, § 12. She

alleged that her mother, Elizabeth Tischer, died intestate June 8, 1891, seised in fee of an undivided half of the property, leaving the plaintiff, Lizzie, and five other children her sole heirs at law. Her brother, John Tischer, one of the heirs, answered that he bought this undivided half of the property in 1883 of James D. Ray and John L. Dodge for $500, and took from them a contract to give him a deed when he had paid the purchase price. That in May, 1885, he paid the price and became entitled to a deed; but that Ray and Dodge, without his knowledge or consent, wrongfully deeded the property to his mother, Elizabeth Tischer, instead of to him. When he discovered this, he demanded of her a conveyance; that she admitted his right, and agreed to convey, but neglected and delayed, and finally died intestate, without having done it. That three of the children quitclaimed to him. Mrs. Dinkle, another, died intestate leaving two infants her sole heirs. He asked judgment that he is owner in fee of this undivided half of the property; and that plaintiffs and the other defendants be barred of all right and title to, and interest in it, and enjoined from making any claim thereto. On August 27, 1892, plaintiffs moved the court on notice, for an order requiring John Tischer to make his answer more definite, by setting out in full or attaching a copy of the contract of Ray and Dodge with him; and also, by setting forth the manner of his demand upon his mother for a conveyance, whether oral or written; and, if written, a copy of the same. This motion was denied. The plaintiffs replied, denying all knowledge of the matters stated in John's answer. The issues were tried December 6, 1892, before the court without a jury. On the trial the defendant, John Tischer, produced his brother, the defendant George Tischer, as a witness who testified under objection and exception by plaintiff, (citing 1878 G. S. ch. 73, § 8,) that when the deed was made to their mother, John was in Tower. That he told her he thought John would not come out all right with the boat he built there, and she said she would like to have the deed from Ray and Dodge made to her, so they would not lose the house. It was so made. After that, she often told him she would deed it to John any time he wanted it. She often spoke of it to John and himself, and promised John to deed it to him any time he wanted it. At the time the deed was made, John knew nothing of it. He did not hear it was deeded to

their mother until more than a year had elapsed after it was done. Fred Tischer, another brother, and defendant in the action, also testified, under objection, to substantially the same conversations of their mother. He had quitclaimed to John, and by his answer disclaimed all interest. George owned the other undivided half of the property, but had conveyed to John all interest in the undivided half of which his mother died seised, and by his answer in this action had disclaimed any interest, as one of her heirs.

The court made findings substantially in accord with John's answer, and ordered judgment as prayed therein. The plaintiffs moved for a new trial, but were denied, and judgment was entered. The plaintiff Lizzie Bowers appeals.

*N. A. & H. G. Gearhart* and *Lord & Norton,* for appellant.

The court erred in making its order denying appellant's motion to compel respondent John Tischer to make his answer more definite.

It is not competent for any party to an action, or interested in the event thereof, to give evidence therein, of or concerning any conversation with, or admission of, a deceased or insane party or person, relative to any matter at issue between the parties. 1878 G. S. ch. 73, § 8; *Perine* v. *Grand Lodge A. O. U. W.,* 48 Minn. 82; *Marvin* v. *Dutcher,* 26 Minn. 391.

The objection to the testimony of George Tischer was based on two grounds: *First,* that he was a party to the action; and, *second,* that he was pecuniarily interested in the event thereof.

Plaintiffs allege the execution by George Tischer of a mortgage to defendant George B. Orr, for the sum of $1,500, upon the equal undivided seven-twelfths of said premises. It was stipulated on the trial that there were no incumbrances upon the property, other than those stated in the complaint. In the findings of the trial court it is stated: There are no liens or incumbrances upon the premises, except a mortgage on the undivided seven-twelfths thereof for the sum of $1,500, made and executed by George Tischer to George B. Orr. This shows that he had a pecuniary interest in the event of this action.

Both George Tischer and Fred Tischer were parties to the action, and the statute plainly says, that any party to an action shall not

be permitted to give such evidence as was here objected to. *In re John S. Brown,* 38 Minn. 112; *Chadwick* v. *Cornish,* 26 Minn. 28.

*Cash, Williams & Chester,* for respondents.

The answer of John Tischer was sufficient to acquaint the plaintiff with his defense. Had the order been granted, John Tischer would simply have been required to plead his evidence, instead of merely alleging the facts upon which he relied. *Tidd* v. *Minneapolis & St. L. Ry. Co.,* 37 Minn. 358; *Lee* v. *Minneapolis & St. L. Ry. Co.,* 34 Minn. 225.

Judgment of partition cannot be rendered in any case until the title to the property and the rights of the parties are established by evidence, unless upon written stipulation of the parties to be affected thereby. 1878 G. S. ch. 74, § 5. In a suit for partition, where a controversy arises between the parties as to the proportions owned by each, there are two separate and distinct issues to be tried: *First,* the interest of the parties in the premises; *second,* when the question of title is settled, the court proceeds to partition the premises among the parties according to their several interests. It is apparent, therefore, that while a person may thus be a proper and perhaps necessary party to a suit of this nature, it does not follow that he is a party to both issues. George Tischer and Fred Tischer were not parties within the meaning of the statute, nor did their testimony relate to any matter at issue between them and the plaintiff. The question at issue was the title to the undivided one-half of the land which stood in the name of Mrs. Tischer at the time of her death. The defendants, Fred Tischer and George Tischer, had disclaimed all interest in this undivided half. It must be admitted that they were technically parties to the action; but they were not parties within the meaning of the statute to the issue on trial, nor had they any pecuniary interest therein. *Perkins* v. *Morse,* 30 Minn. 11; *Griswold* v. *Edson,* 32 Minn. 436; *Darwin* v. *Keigher,* 45 Minn. 64.

The statutes of Iowa and Indiana contain provisions as to the competency of parties as witnesses, which are practically the same as ours, and in those states the question has been decided squarely against the position taken by plaintiff. Iowa Code, § 3639; *Conger* v. *Bean,* 58 Iowa, 321; Indiana Rev. Stat. of 1881, § 499; *Spencer*

v. *Robbins,* 106 Ind. 580; *Starret* v. *Burkhalter,* 86 Ind. 439; *Smith* v. *Newton,* 38 Ill. 230.

To render a person incompetent as a witness on the ground of interest he must have some legal, certain and immediate interest. The interest must be pecuniary, certain, direct and immediate and not an uncertain, remote, or a merely possible interest. *Bent* v. *Baker,* 3 Term R. 27; *Marvin* v. *Dutcher,* 26 Minn. 391; *Smith* v. *Newton,* 38 Ill. 230; *Smalley* v. *Ellet,* 36 Ill. 500; *McClure* v. *Otrich,* 118 Ill. 320.

It is well settled that the rule which disqualifies a witness on the ground of interest does not apply where the witness testifies against his own interest. 1 Greenleaf, Ev. § 410.

MITCHELL, J. The only question of any importance in this case arises over the construction of 1878 G. S. ch. 73, § 8, which provides that "it shall not be competent for *any party to an action,* or interested in the event thereof, to give evidence therein, of or concerning any conversation with, or admission of, a deceased or insane party or person, *relative to any matter at issue between the parties.*"

The principal point is whether the term "any party to an action" is meant to include every one who is a party to the record, or only those who are parties to the issue to which the testimony relates. In view of the last clause of the section, limiting the incompetency of the witness to matters relative to the issue between the parties, we are of opinion that the statute refers only to those who are parties to the issue. The word "parties," as there used, we think evidently refers to the party prohibited from testifying, and the party against whom the testimony would operate if admitted.

This construction is in harmony with the spirit and purpose of the statute, for no good reason can be suggested for excluding the testimony of one who, although a party to the action for some other purpose, is not a party to, or interested in, the issue to which his testimony relates. In the present case the issue to which the testimony of George Tischer related was exclusively between plaintiff and the defendant John Tischer. Although a necessary party to the action of partition, because the admitted owner of an undivided half of the premises, he was not a party to, and had no interest in,

the issue between the plaintiff and John as to the title to one-sixth of the other undivided half. It is suggested that, inasmuch as he had mortgaged, and then conveyed, an interest in the premises which he might have had as heir of his mother, through whom plaintiff also claims, as warrantor of the title he was interested in the result of the issue between plaintiff and John. In the first place, it does not appear that he was warrantor of the title. But, if he was, his interest in the determination of the issue would be in favor of, and not adverse to, the plaintiff; and it can hardly be necessary to observe that, when a witness is produced to testify against his interest, the rule that interest disqualifies does not apply. What has been said as to the testimony of George is equally applicable to that of Fred Tischer. There is nothing in the suggestion that George was interested in the event, because, if plaintiff succeeded, there would be a partition or sale of the premises, which would not be the case if she was defeated. This is not a direct pecuniary interest in the event of the cause, which alone disqualifies a witness. *Perine* v. *Grand Lodge*, 48 Minn. 82, (50 N. W. Rep. 1022.)

2. Irrespective of the somewhat discretionary nature of the action of the district court upon motions of this kind, we have no doubt whatever that the court was right in refusing to require the answer to be made more definite and certain.

A pleading is subject to such a motion only where its allegations or denials are so indefinite or uncertain that the precise nature of the charge or denial is not apparent. But the uncertainty or indefiniteness here complained of is not as to what the answer alleges, or what issues it tenders, but as to what particular evidence the defendant might produce in support of it, and what the plaintiff sought was, in effect, to require him to plead the evidence. *Lee* v. *Minneapolis & St. L. Ry. Co.*, 34 Minn. 225, (25 N. W. Rep. 399;) *Todd* v. *Same*, 37 Minn. 358, (35 N. W. Rep. 5.)

Order and judgment affirmed.

(Opinion published 55 N. W. Rep. 817.)