ANNIE OLESON, Administratrix, Appellant, v. THE MAPLE GROVE COAL AND MINING COMPANY.

**Injury to Miner:** CONTRIBUTORY NEGLIGENCE: *Assuming risk of employment.* Where decedent, a miner, was killed in taking out a pillar of coal which had been left for the support of the roof, but there was no evidence that he called for any props which were not furnished, and it affirmatively appeared that he knew the coal was crumbling because of the weight of the roof, the court properly directed a verdict for the defendant.

DUTY OF MASTER. The doctrine that a master must supply a safe place for the servant to work does not apply where the place becomes unsafe during the progress of the work.

*Appeal from Polk District Court.*—HON. C. A. BISHOP, Judge.

THURSDAY, OCTOBER 24, 1901.

ACTION to recover damages for the death of plaintiff's decedent, Ole Oleson, resulting from an accident in defendant's coal mine alleged to have been due to defendant's negligence. At the conclusion of plaintiff's evidence the court, on motion, directed a verdict for defendant. From a judgment on this verdict, plaintiff appeals.—*Affirmed.*

*C. C. Cole* and *W. H. Redman* for appellant.

*Phillips, Ryan & Ryan* for appellee.

McCLAIN, J.—The evidence shows that decedent, who was an experienced coal miner, went to work on the morning of the day of the accident at drawing a pillar in defendant's coal mine. The operation consisted of taking out a pillar of coal which had been left to support the roof. The taking out of the pillars is the last thing to be done when the mine or any part of it is about to be abandoned, and is attended with considerable danger. Decedent was working at his option, being paid by the ton. A witness testified that he had himself two or three days before quit working at the pillar in question because he had heard the roof cracking and thought that the work was dangerous, and had so advised the foreman. The plaintiff's first contention is that defendant is liable because the foreman directed decedent to go to work at a dangerous place, without advising him of the danger. But there is no evidence that the foreman advised decedent to work at this place, or that the foreman neglected to advise decedent of the danger. It

is true that there is evidence that it is the business of the foreman in general to direct the men where to work, but there is no evidence whatever that any such direction was given in this case, nor is there any evidence that the danger was greater than that usually incident to the tearing out of the pillars. The method of providing against accident in such cases is for the miner to put up props to prevent the falling of the roof, and this it seems plaintiff did not do. The duty of the defendant in this respect was to "keep a sufficient supply of timber to be used as props convenient and ready for use," and "send such props down when required, and deliver them to the places where needed." Code, section 2489. The evidence shows that it was customary for the miner to call for props when required, and for the mine operator to send them down. There is no evidence whatever that decedent called for props which were not furnished. We cannot find that there was any failure of defendant to do everything required by the statute in this respect, and it does not therefore appear that defendant was liable under Code, section 2492, for "culpable negligence," as defined in that section. *Corson v. Coal Co.,* 101 Iowa, 224.

Moreover, it affirmatively appears that decedent knew for himself nearly four hours before the accident that the coal was crumbling by reason of the weight of the roof, and that the place was therefore dangerous. Even if the foreman had directed him to work in this dangerous place without advising him of the danger, and he afterwards became aware of that fact, he was guilty of contributory negligence in not propping the roof or abandoning the work. *Olsen v. Mc-Mullen,* 34 Minn. 94 (24 N. W. Rep. 318); *Naylor v. Railway Co.,* 53 Wis. 661 (11 N. W. Rep. 24); *Perigo v. Railroad Co.,* 52 Iowa, 276. The employe "is bound to take notice of the ordinary operation of familiar natural laws, and to govern himself accordingly. Failing to do so, he takes the consequences. He cannot charge such consequences upon the master, when he can see that

which is open and apparent to a person of ordinary intelligence." *Swanson v. Railway Co.,* 68 Minn. 184 (70 N. W. Rep. 978). The doctrine that the master must provide a safe place has no application to a case where the place becomes unsafe during the progress of the work. As to such danger, the law only requires reasonable care to employ competent men and provide suitable material. *Petaja v. Mining Co.,* 106 Mich. 463 (64 N. W. Rep. 335, 66 N. W. Rep. 951, 32 L. R. A. 435, 58 Am. St. Rep. 505). There was no evidence therefore of any negligence on the part of defendant, and there was uncontradicted evidence of the contributory negligence of plaintiff. Under such circumstances, it was proper for the court to direct a verdict for defendant. *Tobey .v. Railway. Co.,* 94 Iowa, 256; *Barnhart v. Railway Co.,* 97 Iowa, 654; *Meyer v. Houck,* 85 Iowa, 319.—AFFIRMED.