## FT. SMITH & W. R. CO. v. KETIS.

No. 446.    Opinion Filed July 12, 1910.

(110 Pac. 661)

1.    APPEAL AND ERROR — Discretion of Trial Court—Motions—Making More Definite and Certain. A motion to make more definite and certain is addressed largely to the discretion of the court, and its ruling thereon will not be reversed, except for an abuse of such discretion that results prejudicially to the complaining party.

2.    APPEAL AND ERROR — Harmless Error — Motions—Making More Definite and Certain. The petition alleged that plaintiff as an employee of defendant was injured through the negligence of defendant in furnishing him an unsafe place to work, in that he was put to work at the bottom of an embankment which contained dangers not known to plaintiff nor obvious to him upon ordinary observation, but which were known to defendant, who neither imparted information thereof to plaintiff nor used reasonable care to protect him against such danger. Held, that the overruling of the motion to make the petition more definite and certain by stating the name of the officer, agent, or employee of defendant who had charge and supervision of the work at which plaintiff was injured and by whom he was placed to work at the place and time of his injury was not reversible

error, where it appears from the evidence that plaintiff did not know the name of defendant's foreman in charge of the work, and no legal showing was made by defendant that it did not know the name of its foreman in charge of said work, or that it had been unable to prepare its defense for want of such knowledge, and because of the omission in the pleading complained of, or that it had been unable to ascertain because of any lack of such knowledge whether it could prepare a defense and obtain evidence in support thereof.

3.  MASTER AND SE'RVANT—Injuries to Servant—Questions for Jury—Assumption of Risk. Plaintiff, an employee of defendant railway company, was engaged under the order and supervision of defendant's foreman to load loose dirt into the cars of defendant at the bottom of an embankment on its line of railway. The embankment was from 10 to 14 feet high, and sloped from the top outward toward the track to the bottom at an angle of about 45 degrees. On the day preceding the accident, employees of the company, under the dierction of the same foreman, had gone on top of the embankment and with line-bars and picks had dug six or seven holes three or four feet deep, about two and a half to three feet back from the edge of the embankment, and had cut the roots of a tree standing thereon which extended out through the top dirt of the bank, holding it in place. Plaintiff had never worked at this place before the day of the accident, and had worked there only a few hours on said day before the accident occurred. The evidence tended to show that he had no knowledge of such acts of the employees on the day previous, or of the condition of the embankment resulting therefrom, and that the same were not obvious to him upon ordinary observation, and he was not informed thereof by defendant. Plaintiff was injured while shoveling the dirt by the sliding of the top dirt of the embankment down upon him and breaking his leg. Held, that the court did not err in submitting to the jury the questions whether plaintiff's injury resulted from a risk assumed by him, or from the negligence of defendant.

(Syllabus by the Court.)

*Error from District Court, Logan County; John H. Burford, Judge.*

Action by John Ketis against the Ft. Smith & Western Railroad Company. From a judgment in favor of plaintiff, defendant brings error. Affirmed.

Defendant in error, hereinafter called plaintiff, brought this action in the district court of Logan county against plaintiff in

error, hereinafter called defendant, to recover damages for certain alleged personal injuries. He alleges that on the 2d day of November, 1903, he was in the employment of defendant for hire and reward, and was engaged in the work of loading dirt and earth into cars of the defendant at a place on defendant's right of way between the towns of Fallis and Meridian, in the territory of Oklahoma; that defendant did at that place and at that time set plaintiff to work along with other employees to shovel dirt and earth into its cars, and directed and prescribed the place at which plaintiff should perform his work; "that the said place at which the plaintiff was so set to work and engaged in said work by and in behalf of the defendant in his employment by, and duty to, the defendant, was near and adjacent to a bank of earth about 13 feet in height, and that, as the defendant well knew at the time, the said bank of earth was liable at any time to fall upon and against the plaintiff and do him great bodily harm and injury, and break his limbs, and maim, wound, and cripple him, and cause him great pain and distress, and permanently injure him, and all of which should have been, and was, well known to the defendant, but was unknown to the plaintiff and could not be ascertained by him by the exercise of any reasonable care or diligence, or by the exercise of any care or duty owing at any time by or from him." The trial in the lower court resulted in a verdict and judgment in favor of plaintiff for the sum of $1,158.30.

*Charles E. Warner* (*Dale & Bierer,* of counsel), for plaintiff in error.

*C. G. Hornor,* for defendant in error.—On assumption of risk by servant: Thomp. Neg. §§ 3912, 4822, 4823; *Collins v. Greenfield,* 172 Mass. 78; *McCoy v. Westborough* (Mass.) 52 N. E. 1064; *Haas v. Balch,* 56 Fed. 984; *Hill v. Winston,* 73 Minn. 80; *Strouhlendorf v. Rosenthall,* 30 Wis. 674; *Taylor v. Railroad Co.* (Ind.) 6 L. R. A. 584; *Bantzor v. Iron Mining Co.,* 99 N. Y. 368; *Am. Window Glass Co. v. Noe,* 158 Fed. 777; *Lynch v. Alleyn,* 160 Mass. 248; *Hanley v. Bridge Co.,* 127 Cal. 232; *Thompson v. Railroad Co.,* 18 Fed. 239; *McCabe v. Wilson,* 17 Okla. 361.

HAYES, J. (after stating the facts as above). The first assignment of error urged goes to the action of the court in overruling a motion by defendant to require plaintiff to make his petition more definite and certain. The alleged defects in the petition pointed out by the motion are that the petition fails to state the name of the person who directed plaintiff, while he was engaged in performing for defendant the services set forth in the petition, and fails to state in what capacity the agent, foreman, or employee of the company who had charge and supervision of the work being performed by defendant at the time and place wherein he was injured was working. No complaint is made of any uncertainty in what the petition alleges, but all complaint is directed to that which the petition fails to allege, and pertains to an extrinsic fact as to what evidence will be produced by plaintiff to support the allegations of his petition. Defendant cites and relies on the case of *Atchison, Topeka & Santa Fe Ry. Co. v. O'Neill*, 49 Kan. 367, 30 Pac. 470. In that case the only charge of negligence contained in the petition was:

"And this plaintiff avers that said injury occurred wholly without any fault or negligence on his part, and wholly because of the gross carelessness and negligence of said defendant, its agents and servants, in violation of all proper rules and regulations for the management and handling of cars under such circumstances."

A motion to make more definite and certain upon three different grounds was overruled by the trial court. The defects in the petition which the motion in that case asked the court to require plaintiff to cure were, first, that plaintiff be required to allege the name of the agent or employee of defendant whose negligent conduct or acts had injured plaintiff; second, that he set forth the facts constituting the negligence and carelessness of which he complained; third, that he set forth all the facts which show any violation of all the proper rules and regulations of the company for the management and handling of its cars. The appellate court held that the motion should have been sustained, and that the defendant company was entitled to know which of its agents was

chargeable with the negligence or acts of omission complained of by plaintiff, and to know of what such acts consisted. The averments of the cause of action in that case consist entirely of allegations of general conclusion, and we think with the appellate court that the trial court erred in overruling the motion to make more definite and certain, but we do not understand the holding of the appellate court in that case to be that in every action where a corporation is sued to recover for an injury resulting from its negligence every officer, agent, or employee of the company responsible for such negligence or who contributed thereto must be named in the petition of plaintiff, and that the overruling of a motion to require such to be done is in all cases reversible error. A motion to make more definite and certain is in a large measure addressed to the discretion of the trial court, and its rulings thereon will be reversed only for abuse of its discretion. 6 Encyc. of Plead. & Prac. p. 280. Defendant's objection to the petition is not that it is so indefinite and uncertain that defendant is unable to ascertain therefrom the precise nature of the charge against it, and is unable to form or prepare a defense to the action, but that which it objects to in effect is that the petition fails to set forth the names of the particular witnesses which plaintiff may produce to sustain his action or which defendant may need to establish his defense. The petition charges that the defendant has committed certain acts resulting in injury to him for which he seeks to recover.

It is not complained that the allegations as to the acts of the defendant constituting plaintiff's cause of action are indefinite and uncertain. The motion only asks that plaintiff be required to name the particular officer or agent of the company claimed to have committed the acts, so that defendant may know in advance what particular witnesses it will probably need to rebut the evidence of plaintiff. The action of the trial court in refusing to sustain this motion under the circumstances of this case we think was not reversible error. *Todd et al. v. Minneapolis & St. Louis Ry. Co.,* 37 Minn. 358, 35 N. W. 5; *Lee v. Minneapolis & St. Louis*

*Ry. Co.,* 34 Minn. 225, 25 N. W. 399. The evidence at the trial discloses that plaintiff is a Greek; that he called the foreman of the company who had charge of the work at which plaintiff was employed, and who directed him therein, "Malley," but he did not know his name. The petition informs defendant of the time and place where the injury occurred, the circumstances under which it occurred, and at no time during the trial was any legal showing made by defendant that it did not know which of its officers or agents had charge and supervision of the work at the time plaintiff was injured, or that it had been unable by reason of any lack of such knowledge to prepare its defense. It must be presumed, in the absence of any showing to the contrary, that defendant knows who its own officers, agents, and employees are, and who had charge of its work at that time and at that place. New trials are not to be granted for mere technical errors occurring in the proceeding of the trial that have not resulted prejudicially to the complaining party. The failure to name in the petition the particular agent, officer, or employee of the company who directed plaintiff in his work and who was directly responsible for the acts of the company resulting in plaintiff's injury could be prejudicial to defendant only in that defendant for such reason was unable to obtain its witnesses for the trial. But no such showing was made. No evidence was introduced by the defendant, and no showing made that any evidence could be procured to rebut the evidence of plaintiff, or that it had been unable to ascertain whether such evidence could be procured because of the omissions in the petition complained of.

The acts of negligence relied upon by plaintiff in his petition to recover are that, while he was employed in shoveling dirt into cars of defendant, he was directed by defendant to work at a place which was unsafe, in that it was near to a bank of earth which was in a dangerous and unsafe condition and likely to fall; that defendant had knowledge of the condition of the bank, or by inspection could have had such knowledge; and that it failed to keep said place in a reasonably safe condition, and failed to

use reasonable care and diligence to prevent the bank from falling upon plaintiff and injuring him. The embankment at which plaintiff was working was one of the banks in a cut of defendant's line of railway. It was from 10 to 14 feet high, and sloped from the top outward to the bottom at an angle of about 45 degrees. Plaintiff was working at the bottom of the embankment shoveling loose dirt into a car of defendant when the accident occurred. The top of the bank caved, and the sliding dirt came down upon plaintiff, knocked him down, and broke his leg. Plaintiff had never worked at this place before, and the accident ·occurred shortly after he had begun work on the morning of the accident. He was permitted to prove, over objection of defendant, that on the afternoon of the previous day employees of the defendant, under the direction of its foreman, had gone upon the top of the bank, and with line-bars and picks had dug six or seven holes three or four feet deep, about two and one-half to three feet back from the edge of the embankment. The holes were dug for the purpose of loosening the top of the embankment, in order that the top dirt might be pried off and rolled down to the foot of the embankment. The roots of a tree which was standing upon the embankment back from its edge which extended into the dirt of the bank were cut and severed so as to free the top dirt of the embankment that it might fall. It is insisted that the admission of this testimony was prejudicial error, for the reason that it is not in support of any allegation of the petition, and in violation of the well-settled rule that a plaintiff cannot state in his petition one cause of action, and prove and recover upon another. Numerous authorities have been cited by able counsel for defendant in their brief that support this rule and apply it, but we think they have no application to the facts in this case. Plaintiff does not seek to recover upon the ground that the acts of the employees of defendant in digging the holes along the top of the embankment with the bar-lines and picks and cutting the roots of the tree which secured the top of the embankment was when done by them negligence on the part of defendant, or that said acts were

done in a negligent manner.  The theory upon which he seeks to recover is that by said acts of the employees the bank was weakened, and rendered insecure, and as a result thereof on the next morning the bank fell.  The purpose of this proof was to show the defective condition of the bank, and that defendant had knowledge of its condition, and that when it put plaintiff to work thereat without having used care to protect him against the falling of the bank from its weakened condition and without warning plaintiff, who was without knowledge of the condition of the bank which was not obvious to ordinary observation, defendant was negligent.  The jury by a special finding found that the sliding of the top of the bank which caused plaintiff's injury occurred because of the fact that defendant's employees had placed the holes in or near the top of the embankment and had cut the roots of the tree which extended through the top dirt of the embankment, holding it in place; but the jury did not find that said acts of the employees alone constituted negligence, or that said acts were done in a negligent manner, nor was the case submitted to the jury upon that theory.  Under the instructions upon which the case was submitted to the jury, of which no complaint is made in this proceeding, plaintiff's right to recover is made to depend upon whether defendant who put plaintiff to work at the foot of the embankment exercised reasonable precaution to ascertain the condition and character of such embankment, and to see that it was a reasonably safe place for plaintiff to work in; and whether, if defendant, knowing the weakened condition of the embankment resulting from the acts of its employees in digging the holes therein and cutting the roots of the tree, exercised care to make the embankment reasonably safe, or warned plaintiff of this defect or danger in the embankment which was not obvious to him upon ordinary inspection.  The evidence was within the issues formed by the pleading, and was competent.

It is insisted that defendant's demurrer to plaintiff's evidence and its motion to direct a verdict in its favor should have been sustained.  In support of this contention, several cases have

been cited which announce and apply the well-settled doctrine that the general rule of law which makes it the duty of the master to exercise ordinary care to provide a reasonably safe place in which the servant may perform his service does not apply, where the work the servant is employed to do consists in making a dangerous place safe, or in constantly changing the character of the place so that it becomes less safe as the work progresses. *Carlson v. Oregon Short Line Ry. Co.,* 21 Or. 450, 28 Pac. 497; *Oleson v. Maple Grove Coal & Mining Company,* 115 Iowa, 74, 87 N. W. 736; *Gulf, Colo. & Santa Fe Ry. Co. v. Jackson,* 65 Fed. 48, 12 C. C. A. 507, and *Finalyson v. Utica Mining & Milling Co.,* 67 Fed. 507, 14 C. C. A. 492, are among the cases cited. All of said cases elucidate the doctrine above stated, and hold that, when a servant engages in the work of making a place that is known to be dangerous safe, or in a work which from its nature the safety of the place necessarily becomes dangerous as the work progresses, the hazard of the dangerous place and the increased hazard of the place made dangerous by the work are the ordinary risks of the employment and are assumed by the servant when he accepts the employment; but these cases and the doctrine they support have no application to the case at bar.

It often happens that men are employed to tear down buildings, structures, or embankments, and the natural result of their labor is to make the place of their employment insecure and dangerous. In such cases where the employee knows the condition of the place of employment, and knows that the same must, as the work progresses, become dangerous or more hazardous, or where, by exercise of ordinary observation, the employee ought to know such facts, he assumes the hazard growing out of the defective and insecure condition of such place; but if the defect is hidden, or the danger is not known to him, and is one that he would not know by ordinary observation, and he is injured by reason of such defect or dangerous condition of the place of his employment, and the master knew of the dangerous condition and failed to inform his employee thereof, it cannot be said that the

employer as a matter of law is free from negligence. There are numerous cases in which the employee received his injury while engaged in excavating under an embankment for the purpose of tearing the embankment down. In such cases every act of the employee was to make the embankment weaker and more likely to fall, and therefore more dangerous. These cases are referred to by some of the courts as Gravel Pit Cases, and in them it is generally held that, where the injury occurs from the falling embankment resulting from the excavation which the employee was engaged in making, the injury results from a risk incident to the employment which is assumed by the employee, and no recovery therefor can be had. But the exact principle of law applicable to the facts in the case at bar is well stated in Thompson on Negligence, in section 4822, as follows:

"A master is bound to furnish his servant a reasonably safe place in which to work; and, if the employment consists in making an excavation, he is bound to make it reasonably safe. This statement implies that the master is liable if the servant is injured through the negligent failure of the master to perform this duty. The servant, on the other hand, is bound to take notice of ordinary physical laws and assume the risk of exposing himself to the operation of such laws. The view that the servant assumes the risk of such danger, so far as it is obvious, carries with it the correlative conclusion that the duty of the master to keep the execution safe extends only to the exercise of reasonable care to discover; and to give the servant notice of any latent danger. * * *"

The same author in the succeeding section says:

"It is reasonable conclusion that, in the absence of palpable evidence of danger, the servant has the right to rely upon the conclusion that the master has done his duty, and is not bound to quit his work and institute a personal inspection of the sides of the excavation for the purpose of determining for himself whether he can with reasonable safety continue to work therein; and even an experienced workman engaged in excavating under direction of a superintendent does not, under all circumstances and as a matter of law, assume the risk of injury from the caving in of the walls of the excavation, where the weakness proceeds from sources of which he had had no experience."

In *American Window Glass Co. v. Noe,* 158 Fed. 777, 86 C. C. A. 133, plaintiff was employed as a laborer to remove material taken from defendant's building in process of destruction. While performing the work he was employed to do, he was injured by a collapse of a standing portion of the building which had been detached from the main building. Defendant's superintendent knew that such standing portion was out of plumb and had been greatly weakened by the sawing of braces and the removal of the nuts from rods which were left in place, and, having this knowledge, ordered plaintiff to go within reach of the insecure wall before it fell. It was held that defendant was not free from negligence as a matter of law. In *Collins v. Inhabitants of Greenfield,* 172 Mass. 78, 51 N. E. 454, a laborer was killed by the falling of an overhanging rock which looked safe from where he was working, but which had a large crack behind it, resulting perhaps from blasting done a few days before the accident. The deceased was killed within a few minutes after he went to work. The superintendent who put defendant to work at the place where he received his injury had been told that the rock ought to be barred down without further blasting. Whether defendant was negligent was held a proper question for the jury. Other cases in point are *Pantzar v. Tilly Foster Iron Mining Co.,* 99 N. Y. 368, 2 N. E. 24; *Taylor v. Evansville & Terre Haute Ry Co.,* 121 Ind. 124, 22 N. E. 876, 6 L. R. A. 584, 16 Am. St. Rep. 372; *McCoy v. Town of Westborough,* 172 Mass. 504, 52 N. E. 1064; *Hill v. Winston,* 73 Minn. 80, 75 N. W. 1030. At page 1172, 26 Cyc., it is said:

"If the master has knowledge that the employment is from extraneous causes, hazardous, or dangerous to a degree beyond which it fairly imports or is understood by the servant to be, he is bound to inform him of the fact, and, if he fails to do so, he is liable for such damages as the servant may sustain by reason of such causes."

Plaintiff in the case at bar was not engaged in excavating under the embankment which fell and injured him. He was shoveling loose dirt at the bottom of the embankment into the cars of defendant company. There was nothing in the appearance of

the embankment that upon ordinary observation indicated that there was any unusual or extraordinary risk attending his work at that place. The services being performed by plaintiff and his co-laborers at the time of the injury did not render the bank more liable to fall, nor did it fall as a result of anything that he was doing. The evidence tended to show, and the jury found, that the danger from which plaintiff suffered his injury was one that had been brought about by his employer and was known to it, but not known to plaintiff, and could not have been known by ordinary observation. Whether defendant was negligent under these circumstances was properly a question for the jury.

The judgment of the trial court is affirmed.

All the Justices concur.