## WHEELER v. HARTFORD LIFE INS. CO., OF HARTFORD, CONN.

(Circuit Court of Appeals, Eighth Circuit. September 27, 1915.)

No. 4277.

INSURANCE ☞85—REVOCATION OF AGENCY—BREACH OF CONTRACT.

A contract of agency by which a life insurance company appointed a general agent for certain territory, to be paid by commissions on the premiums collected on policies secured by him, in the absence of any provision for a fixed term is one terminable at will, notwithstanding a provision for its termination on notice, and the fact that the company ceased to do business in such territory did not constitute a breach of the contract for which the agent can recover damages.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 115; Dec. Dig. ☞85.]

In Error to the District Court of the United States for the District of Minnesota; Page Morris, Judge.

Action at law by Albert M. Wheeler against the Hartford Life Insurance Company of Hartford, Conn. Judgment for defendant, and plaintiff brings error. Affirmed.

J. W. Crane, of Minneapolis, Minn., for plaintiff in error.

Edward P. Sanborn, of St. Paul, Minn., for defendant in error.

Before CARLAND, Circuit Judge, and LEWIS and BOOTH, District Judges.

BOOTH, District Judge. Action for damages based upon an alleged breach of a written contract of agency between the plaintiff in error, plaintiff below, a citizen of Minnesota, and the defendant in error, defendant below, a corporation of the state of Connecticut. The contract in controversy was entered into June 1, 1912, between the plaintiff and defendant, and became effective July 1, 1912. By its terms the plaintiff was constituted general agent of the defendant, for the purpose of soliciting applications for life insurance in the defendant company, and having as his territory the state of Minnesota. Plaintiff entered upon his duties as such agent on or about July 1, 1912, and continued in defendant's employ until about the middle of February, 1913. During that time he collected the first year premiums upon all policies which were written by him, and retained his commissions thereon. No renewal premiums were due the company on said policies when plaintiff ceased to act as agent for defendant, and none would become due until July, 1913, and then only in case of renewals actually made. On January 6, 1913, defendant entered into a contract with the Missouri State Life Insurance Company of

St. Louis, Mo., by which contract defendant reinsured its old-line, level premium, legal reserve policies with the last-named company. On January 7, 1913, and again on January 21, 1913, the defendant company wrote to the plaintiff, notifying him of said contract of reinsurance with the Missouri company, and that the contract would go into effect upon its approval by the insurance commissioners of Connecticut and Missouri. The contract of reinsurance was approved by the insurance commissioners of the two states mentioned on February 17, 1913. On March 1, 1913, the defendant's license to do business in the state of Minnesota expired, and on that day it ceased to do business in that state.

Shortly before February 17, 1913, the plaintiff ceased to take applications for the defendant, and February 20, 1913, commenced this action, demanding $7,500 damages for breach of his contract, claiming that the making and carrying out of the reinsurance contract by the defendant with the Missouri Insurance Company constituted a wrongful termination of the contract between the plaintiff and the defendant company. At the close of the evidence, on motion made by the defendant, the trial court directed the jury to return a verdict in defendant's favor. Verdict was so returned, and judgment was thereupon entered. Objection was duly made, and exception duly taken by the plaintiff's attorney.

The provisions of the contract between plaintiff and defendant, so far as material to the decision here, are as follows:

Section 8: "If this contract shall be terminated by either party for any cause whatever, the compensation which shall then have been paid to the agent, together with the amount then due him under this contract, shall be in full settlement of all claims and demands upon the company in favor of the agent under this contract, and all further compensation which a continuance of said contract might have secured to him, shall be waived and forfeited, except as herein otherwise provided."

Section 10: "During the continuance of this contract and as hereinafter provided the company will pay on policies issued on and after the date on which this contract shall become effective on applications secured by and through the agent, as full compensation for all services, and full reimbursement for all expenditures, first year and renewal commissions in accordance with the following schedule." (Schedule follows.)

Section 13: "If this contract is terminated within three years from date hereof by the death of the agent or for causes other than the violation of its conditions, the company will pay renewal commissions as provided above, less a collection charge of 2 per cent. on the premiums, for as many years as this contract shall have been in force."

Section 21: "Either party to this contract may terminate same by giving to the other party 30 days' notice in writing to that effect, and the power of the agent to collect and receive premiums shall cease with the termination of this contract."

It does not appear from the record upon what grounds the verdict was directed in favor of the defendant, but it is conceded by both parties that the trial court held that the case was controlled by the decision of this court in the case of Moore v. Security Trust & Life Ins. Co., 168 Fed. 496, 93 C. C. A. 652. Plaintiff claims that the trial court erred in thus holding, and in directing a verdict, and contends that the decision in the Moore Case does not apply, because

in that case the agency contract involved was construed to be one at will, while in the case at bar the agency contract should be construed as one for a fixed term.

The defendant contends that the action of the trial court in directing a verdict for the defendant was right: (1) Because no breach of the plaintiff's contract was shown upon the trial. (2) Because the express terms of the contract preclude any recovery in this case. (3) Because if, as the plaintiff claims, the making of the contract by the defendant with the Missouri Insurance Company terminated plaintiff's contract with the defendant, then the notice to plaintiff in writing on January 7 and January 21, 1913, was a sufficient notice under section 21 of the contract. (4) Because, even if any right of recovery under the terms of the contract accrues in favor of the plaintiff, the present action was prematurely brought.

It will not be necessary to discuss these several propositions at length or in detail, because, in our opinion, the case of Moore v. Insurance Co., supra, is decisive of the case at bar. That case involved an insurance agency contract, which, as well as the facts surrounding its inception, its performance and its termination, were all quite similar to those in the case at bar. The facts in the Moore Case were thus stated in the court's opinion:

"The contract between the defendant insurance company and its agents, the plaintiffs, was in writing, and it took effect on May 15, 1904. By the terms of that agreement the insurance company appointed the plaintiffs its agents in the state of Kansas and promised to pay them certain commissions during the continuance of their agency, and that after the termination of the contract a commission of 7½ per cent. would be paid to them on renewal premiums upon the insurance which they obtained as these premiums were collected by the company. The contract provided that the agreement of agency, with the exception of the stipulation that the commission on the future renewal premiums should be paid after its termination, should cease if the authority of the company to operate in Kansas terminated, if the agents withheld funds, policies, or receipts of the company 30 days after they should have been transmitted to it, or 30 days after they were demanded by the company, and if either party for just and reasonable cause gave 30 days' notice of its termination. It contained no stipulation that the insurance company would continue the appointment of the agents, or that the plaintiffs would continue to serve as agents, for any length of time. * * * In September, 1906, the defendant made a contract with the Pittsburg Life & Trust Company whereby it turned over to that company all its business and property and disabled itself from continuing in the business of life insurance and from collecting the future renewal premiums upon insurance secured by the plaintiffs, which insurance amounted to more than $1,000,000, and it notified the plaintiffs of this fact and that the contract of agency was terminated. The present worth of the plaintiffs' commission on the future renewal premiums upon this insurance was $18,792.60, and they had expended $8,370 in the promotion of the defendant's business during the agency in reliance upon reimbursement from its continuance. Upon these alleged facts the plaintiffs demand judgment for $27,162.96."

In reference to the facts thus stated the court said:

"It is a general and indisputable rule of law that the principal may revoke and the agent may renounce the latter's appointment at will and at any time, without committing any breach of the contract of agency and without incurring any liability for damages. There are exceptions to this rule, as where the agent acquired an interest, not in the fruits or profits of the thing,

but in the thing itself which is the subject-matter of the agency. Hunt v. Rousmanier, 8 Wheat. 175, 203, 5 L. Ed. 589. But the agents acquired no such interest in this case, and it is useless to consider or discuss this or other exceptions that are equally inapplicable. In view of the general rule, which has been stated, parties who intend that their contracts of agency shall exist for definite times embody in their contracts express provisions that they shall continue for specified terms, and the absence of such a provision in a contract of agency raises a strong presumption that it was an agency at will."

The court in answer to the contention of counsel in that case:

"That the provisions of this contract that it should terminate (1) 30 days after the agents failed to transmit due or demanded funds, policies, or receipts; (2) when the authority of the company to operate in Kansas should terminate; and (3) for just and reasonable cause on 30 days' notice, show that the parties intended to agree, and, therefore, did contract by implication, that the contract of agency should be permanent"

—used the following language:

"The right to determine what risks it should accept and what it should reject, what rates it should charge, in what states it should conduct its business, and in what it should not, how long it should continue to insure lives, in view of its present and probable success or failure, and whether it should continue an unprofitable business to the ultimate loss of itself and its policy holders, or reinsure its risks in some other company and prevent greater loss, and generally to determine and carry into effect the business policy of the company, was vital to the due exercise of its corporate powers, to its continued existence, and to its success. Did the company, in view of this fact, intend by this agreement to deprive itself of this right. * * * The true answer does not seem to be doubtful. It is obvious, from the nature of the company and the surrounding facts, that it intended to reserve to itself the right at its own free will to determine what applications for insurance it should accept and what it should reject, in what states and on what terms it should conduct its insurance business, what premiums it should charge, how long it should carry on its general business, whether or not, and when, if at all, it should turn over its business to another company, reinsure its risks, and cease to do an insurance business, free from all liability to its agents for damages for so doing. This right and its free exercise were as essential to the due exercise of the corporate powers of the defendant as the right of the plaintiffs to be free from lifelong service to it was to their comfort and prosperity, and nothing less than a clear and unequivocal agreement to surrender this right or limit its exercise could convince of such an intention. There was no such agreement. The implication invoked that the contract was not terminable at will, because it contained clauses, unnecessary if it was so terminable, specifying causes for its termination, is too feeble to withstand the compelling force of the presumption that the plaintiffs could not have intended to surrender control of their own business and services for life, and the defendant could not have intended to surrender its right or to limit the exercise of its right to manage, control, continue, or terminate its business of insurance at will. The existence of this right in the defendant and its free and continuous exercise were implied in this contract of agency, and the plaintiffs took the chances of its exercise when they signed the agreement and entered upon their service under it. Willcox & Gibbs Sewing Machine Co. v. Ewing, 141 U. S. 627, 636, 637, 12 Sup. Ct. 94, 35 L. Ed. 882; In re English & Scottish Marine Ins. Co., 5 Ch. App. 737; Pellet v. Manufacturers' & Merchants' Ins. Co., 104 Fed. 502, 509, 511, 43 C. C. A. 669, 676, 678; Stier v. Imperial Life Ins. Co. (C. C.) 58 Fed. 843, 845, 846."

Counsel for plaintiff seeks to distinguish the case at bar from the Moore Case, because of the provision in section 21 that the contract might be terminated on 30 days' notice absolutely, and not merely for good cause as in the Moore Case. The distinction exists, but is not

of controlling importance. In both cases the question is whether the implication from the 30 days' termination clause overcomes the presumption mentioned and renders the agency one for a definite and fixed term, instead of one at will. The implication from the provisions for termination in the Moore Case was held to be too weak to overcome the presumption. The implication from the provision of section 21 in the plaintiff's contract is equally unavailing.

Counsel for plaintiff refers to the case of Israel v. Insurance Co., 111 Minn. 404, 127 N. W. 187, as holding that the provision in a contract of agency that it might be terminated on 30 days' notice constituted the agency one for a fixed term. We do not understand that case to so hold. The contract in the Israel Case was executed on June 25, 1902, and provided that either party might terminate the agreement 30 days after giving the other notice to that effect after May 1, 1903. There was thus a term fixed in the contract, namely, a definite period from June 25, 1902, to May 1, 1903, and thereafter an indefinite period until terminated by 30 days' notice. The character of the contract was fixed as soon as the contract was made. It was not claimed that the character of the contract had changed on May 1, 1903. Applications for insurance with notes for first year premiums had been procured by Israel. His commissions were included in the notes and would be paid when the notes were paid. It was in reference to this state of facts, and not in view of the 30 days' notice clause, that the court used the language: "The agency was fixed for a specific term." The facts in the case at bar, as above set out, are widely different, and the Israel Case is not in point.

Our conclusion is that the agency created by plaintiff's contract was one at will, and that the making of the reinsurance contract by defendant with the Missouri Insurance Company did not constitute a breach of the plaintiff's contract. It follows that the plaintiff was not entitled to recover for a breach of the contract, and that the trial court properly directed a verdict in favor of the defendant. As this disposes of the case, it is not necessary to determine whether any right or rights of action may accrue in favor of the plaintiff under sections 8 and 13 of the contract. It is sufficient to say that no such right of action had accrued at the time the present action was commenced. Moore v. Insurance Co., supra; Pellet v. Mfrs. & Mer. Ins. Co., 104 Fed. 502, 43 C. C. A. 669.

The judgment below is affirmed.