# LEWIS HART v. THE LINCOLN NATIONAL LIFE INSURANCE COMPANY.[1]

November 14, 1919.

No. 21,469.

**Appeal from order to make pleading more definite.**

1. An order requiring a pleading to be made more definite and certain, and directing that it ·be stricken out unless the order is complied with, is appealable.

**Reversal of trial court's action.**

2. The action of the district court upon an application for such an order is largely discretionary, and will not be reversed where substantial rights upon the merits are not affected.

**Pleading — requiring specific examples of illegal practices to be pleaded.**

3. An order requiring defendant to make its answer more definite and certain by pleading specific instances of unlawful practices on the part of plaintiff, which were known to and relied upon by defendant as justification for canceling a contract with him, does not preclude defendant from showing other instances of misconduct by plaintiff which may subsequently come to defendant's knowledge.

**Same — assignment of renewal premiums — striking out part of answer.**

4. An assignment of commissions on renewal premiums on policies of life insurance, recited that it was made as collateral security for the payment of premium notes which might be indorsed by the assignor to a bank, and that the bank should be entitled to receive such commissions, upon giving written notice to the defendant setting forth the amount of plaintiff's obligations. Defendant's answer failed to allege that the bank held any notes on which plaintiff was liable or that any notice to that effect had been given to defendant. It was within the discretion of the court to strike out that portion of defendant's answer which alleged the making of such assignment and that the bank, by reason thereof, was a necessary party to the action.

Action in the district court for Ramsey county to recover $762,500 for breach of contract. From an order, Dickson, J., granting plaintiff's mo-

[1]Reported in 174 N. W. 740.

tion to strike out certain portions of the answer and to make it more definite and certain, defendant appealed. Affirmed.

*Butler, Mitchell & Doherty,* for appellant.

*Morphy, Bradford & Cummins,* for respondent.

LEES, C.

Appeal from an order striking out a portion of the defendant's answer and requiring it to make another portion of the answer more definite and certain. The action was one for damages for the breach of an agency contract between the parties, defendant having canceled the contract.

Under one of its provisions, the contract terminated and plaintiff's rights under it ceased if he rebated or offered to rebate premiums, or violated the insurance laws of this state. Another provision entitled plaintiff to renewal commissions on premiums collected by defendant after the first, and to a percentage of the first premium on all business he secured.

The answer alleged that plaintiff was discharged for the reason that he had rebated premiums and violated the insurance laws of Minnesota. There was also an allegation that he had assigned his interest in the renewal premiums to the Commercial State Bank of St. Paul, which was not made a party, and that there was a defect of parties plaintiff.

The court struck out all of the answer relating to the assignment to the bank, and required defendant to set out the specific instances of plaintiff's unlawful conduct and practices which were known to it and relied upon as justification for canceling the contract. The order provided that, if the answer was not made more definite as directed, the allegations of unlawful practices by plaintiff should be stricken out.

1. This order was appealable. Baer v. Waseca Milling Co. 143 Minn. 483, 171 N. W. 767.

2. The action of the district court upon an application for an order requiring a pleading to be made more definite and certain is largely discretionary, and will not be reversed where substantial rights upon the merits are not affected. Madden v. Minneapolis & St. L. Ry. Co. 30 Minn. 453, 16 N. W. 263; Young v. Lindquist, 126 Minn. 414, 148 N. W. 455.

It is contended that the order is so framed as to limit defendant, at

the trial, to proof of unlawful conduct which was known to and relied upon by it in canceling the contract, and to preclude it from showing other misconduct by plaintiff which may subsequently come to its knowledge. This contention cannot be sustained. The order does not preclude defendant from pleading every instance of misconduct it may know of, without reference to the time when it learned the facts. If specific instances of misconduct come to its knowledge after answering, the trial court will doubtless permit an amendment setting forth such newly discovered acts of the plaintiff. The order requiring the answer to be made more definite and certain is sustained.

3. Counsel for plaintiff contend that the order striking out the portion of the answer to which we have referred is justifiable on three grounds: (1) That the action is not brought to recover commissions but damages for breach of contract; (2) that it is not alleged that plaintiff was indebted to the bank; (3) that it is not alleged that the bank notified defendant that it held any obligations against plaintiff.

The first contention is of doubtful validity. The contract between plaintiff and defendant is not clear as to the right of the former to commissions on renewal premiums in case the latter wrongfully terminated the agency. If the agency was rightfully terminated, plaintiff could no longer claim an interest in the renewal premiums. If wrongfully terminated, it may be that his sole remedy would be an action for breach of contract, in which the probable value of his interest in future premiums would be an element of his damages. This appears to have been plaintiff's theory in bringing this action, for damages are laid at $762,500. The briefs have not enlightened us on this point and we have found little direct authority upon it. Much depends upon the language employed in the contract. See 2 Joyce, Ins. § 695; Crowell v. Northwestern Nat. Life Ins. Co. 99 Minn. 214, 108 N. W. 962; Israel v. Northwestern Nat. Life Ins. Co. 111 Minn. 404, 127 N. W. 187; Stier v. Imperial Life Ins. Co. (D. C.) 58 Fed. 843; Wheeler v. Hartford Life Ins. Co. 227 Fed. 369, 142 C. C. A. 65; Ensworth v. New York Life Ins. Co. 8 Fed. Cas. 4496; Lewis v. Atlas Mut. Life Ins. Co. 61 Mo. 534; N. C. State Life Ins. Co. v. Williams, 91 N. C. 69, 49 Am. Rep. 637.

The second and third contentions are sustained. Plaintiff, defendant and the bank were all parties to the assignment which was executed in

triplicate. It purports to assign to the bank, as collateral security for the payment of premium notes indorsed over by plaintiff, all commissions on premiums subsequent to the first to which plaintiff may be entitled under his contract with defendant. It provides that such commissions shall be applied to the payment of such obligations of the plaintiff to the bank as were not paid when due, upon the giving of written notice by the bank to defendant setting forth the amount of such obligations. The answer did not allege that the bank actually held any notes upon which plaintiff was liable as indorser or otherwise, or that any notice to that effect had been given to defendant.

Upon these grounds the trial court was justified in striking out the portion of the answer now under consideration, especially in view of the discretionary nature of its action in a matter such as this. Haug v. Haugan, 51 Minn. 558, 53 N. W. 874.

Order affirmed.

On December 5, 1919, the following opinion was filed:

PER CURIAM.

.One of the grounds for the order granting the motion to strike out the paragraph of the answer pleading the assignment was that renewal commissions are no part of the damages pleaded.

Whether this conclusion was correct was discussed in the briefs and oral argument. Nothing contained in the opinion filed herein is to be taken as deciding the question. We intended merely to indicate that it is a doubtful question and to leave it open for decision upon the facts developed at the trial.

Motion for rehearing denied.