# JAMES L. CULL v. THOMAS J. BRENNAN.[1]

January 22, 1926.

No. 25,026.

**When decision of trial court on motion to make complaint more definite will not be reversed.**

An application for an order directing that a complaint be made more definite and certain is addressed to the discretion of the trial court and its conclusion will not be reversed where substantial rights upon the merits are not affected.

Appeal and Error, 4 C. J. p. 801 n. 56.
Pleading, 31 Cyc. p. 645 n. 76.

Action in the district court for Hennepin county to restrain sale of and to cancel certain notes. Plaintiff appealed from that part of an order, Waite, J., directing him to make the complaint more definite and certain. Affirmed.

*Loring & Anderson,* for appellant.

*Mead & Bryngelson,* for respondent.

WILSON, C. J.

Plaintiff and defendant were associates in business. They ceased to be such. In connection therewith plaintiff gave his promissory notes to defendant for $6,000. The complaint says that in consideration for such notes defendant agreed not to engage in the real estate business in Minneapolis and that he also agreed to refrain from circulating the story that he had lost money by reason of being associated with plaintiff. It then alleges that defendant had on repeated occasions told divers persons the story that he had agreed not to tell. Plaintiff now appeals from an order directing him to make the complaint more definite and certain by specifying the time and place and the persons to whom the statements are claimed to have been made.

[1]Reported in 206 N. W. 929.

A motion for such an order is addressed to the discretion of the trial court and its conclusion will not be reversed where substantial rights upon the merits are not affected. Hart v. Lincoln Nat. L. Ins. Co. 144 Minn. 155, 174 N. W. 740. We see no reason why the plaintiff should not comply with this order. There is nothing to indicate that it prejudices his rights. If plaintiff discloses the instances that are now within his knowledge and learns before trial of still other occasions, he will be permitted to show them. If he states one or two of the three requirements and alleges that the other or others are unknown, his complaint will stand. The order does not require impossible things. There is nothing to indicate that there are any real barriers to its performance. True, the cases of Lee v. M. & St. L. Ry. Co. 34 Minn. 225, 25 N. W. 399; Todd v. M. & St. L. Ry. Co. 37 Minn. 358, 35 N. W. 5; and Bowers v. Schuler, 54 Minn. 99, 55 N. W. 817, tend to support the position of plaintiff. These cases sustained the lower court and the last began to recognize the character of the application as discretionary. We think however that the modern rule is as expressed in Hart v. Lincoln Nat. L. Ins. Co. supra. Technical rules in civil practice have become considerably relaxed in the last 40 years. Much greater changes have occurred in criminal practice. The trial court might have decided this motion either way. We see no reason to justify our saying that there was an abuse of discretion.

Affirmed.