CHARLES A. FRAKER *vs.* ST. PAUL, MINNEAPOLIS & MANITOBA RAILWAY COMPANY.

December 20, 1882.

**Complaint—Indefiniteness.**—Order denying defendant's motion to strike out certain portions of a complaint as indefinite and uncertain, or to have the same made more definite and certain, affirmed.

Plaintiff brought this action in the district court for Hennepin county. The complaint alleges that the defendant hired the plaintiff to work for it upon its road and trains, and in its switching and transfer yards, and agreed to furnish plaintiff safe and proper railroad materials with and upon which he was to work, to employ safe, prudent and competent servants with whom plaintiff was to work, and safe, prudent and competent superiors under whose direction he was to work, to take all reasonable precautions for the safety of plaintiff, and not to order or expose him to extraordinary hazards or risks, and that plaintiff entered upon the performance of his agree-

ment. Then follows the allegation "that the defendant did not furnish plaintiff safe or proper railroad materials, machinery, cars, engines or tenders or appliances thereof with and upon and about which the plaintiff was to work and did work; nor did it employ safe, prudent or competent servants with whom plaintiff was to work and did work, nor safe and competent superiors under whose directions he was to work and did work; and did not take any reasonable precautions for the safety of the plaintiff in so working, and did order and expose him to extraordinary danger and risk." The complaint then sets out with particularity the loss of plaintiff's finger in uncoupling a car and locomotive, which loss was owing to the defective construction of the coupling apparatus of the car, and occurred solely by reason of "the defendant's negligence in allowing, as it did and had in fact done, the said railway car and locomotive, and the coupling arrangements of the same, and each thereof, to be so improperly constructed and so out of repair and order that the said car and locomotive could not be uncoupled without extraordinary hazard and risk." The complaint also alleges on the part of plaintiff ignorance of, and on the part of defendant knowledge and notice of, such defects and negligence; that plaintiff was under the direction and control of officers, agents and servants of defendant, who carelessly and negligently ordered him to do the uncoupling in which he was injured, and "that said officers, agents and servants were incompetent, unfit and unsafe persons to be entrusted with the aforesaid duties," all which was then well known to defendant; and that plaintiff was damaged in the sum of $2,107.20, for which he prays judgment.

Defendant appeals from an order by *Shaw, J.,* denying its motion to strike out the portions of the complaint which are quoted above, or to compel the plaintiff to make them more definite and certain.

*R. B. Galusha* and *Benton & Roberts,* for appellant, cited Gen. St. 1878, c. 66, § 107; Bliss on Code Pleading, § 425; *Colter* v. *Greenhagen,* 3 Minn. 74, (126;) *Barnsback* v. *Reiner,* 8 Minn. 37, (59;) *Pugh* v. *Winona & St. Peter R. Co.,* 29 Minn. 390; *Shear* v. *Hart,* 3 How. Pr. 74; *Ohio & M. Ry. Co.* v. *Collarn,* 73 Ind. 261; *Chicago, B. & Q. R. Co.* v. *Harwood,* 90 Ill. 425; *Waldhier* v. *Hannibal & St.*

*J. R. Co.,* 71 Mo. 514; *Horn* v. *Ludington,* 28 Wis. 81; *Holden* v. *Rutland & B. R. Co.,* 30 Vt. 297; *Strange* v. *McCormick,* 1 Phila. 156.

*Koon, Merrill & Keith,* for respondent.

BERRY, J.   This is an appeal from an order refusing to strike out designated portions of a complaint as indefinite and uncertain, or to direct the same to be made more definite and certain.   The complaint is inexcusably redundant, and for this fault the court below might very properly have compelled it to be almost entirely recast. But as respects the matter of indefiniteness and uncertainty, we agree with the court below that the general charges of negligence on defendant's part, in knowingly failing to furnish proper instrumentalities for the performance of the work in which its employe (the plaintiff) was engaged, and in employing incompetent servants with whom, and incompetent superiors under whom, plaintiff worked, are narrowed and made more specific and definite by subsequent averments. These averments are to the effect that the plaintiff's injury was caused by defendant's negligence in knowingly allowing the car and locomotive about which plaintiff was at work, and the coupling arrangements of the same, to be so improperly constructed and out of repair and order that the car and locomotive could not be uncoupled without extraordinary risk and hazard, and that by reason of such improper construction and want of repair, the car, locomotive, and coupling appliances were so brought together as to crush the plaintiffs' finger as particularly set forth.   The defects complained of are thus pointed out as defects affecting the uncoupling of the car and locomotive.

We cannot say that, as respects the defects, the complaint is not as definite as it could reasonably be expected to be, and sufficient to inform the defendant with reasonable certainty of what plaintiff complains.   To require anything more than reasonable certainty would often prevent any statement of a cause of action, and would put an unnecessary burden upon the pleader.   Upon a motion to make a pleading more definite and certain, it is for the court to consider whether the pleader has been as definite and certain as in the nature of the case he could reasonably be expected to be; and to

warrant this court to reverse an order of the district court, refusing to compel a pleading to be made more definite and certain, it must be made very clear to us that the district court has erred in the exercise of an authority which is to some extent discretionary.

With regard to defendant's servants, whose incompetency is charged, the general allegations of the complaint are limited by subsequent averments to the effect that the servants mentioned were those having immediate supervision and control (as plaintiff's superiors) of the locomotive, car, and coupling appliances mentioned, and of the plaintiff, at the time when he received the injury complained of.   Presumably the defendant is familiar with its own business, and therefore knows or can readily ascertain who the servants thus referred to are.   No reason to the contrary appears by affidavit or otherwise.   It cannot, therefore, be said that the allegation as to incompetent servants is so indefinite or uncertain that "the precise nature of the charge" made "is not apparent," so as to bring defendant's objection within Gen. St. 1878, c. 66, § 107, under which his motion is made.   We are not, however, to be understood as commending this roundabout style of allegation.   The names or particular employments of the incompetent servants should have been stated. Upon the whole, then, however, we can find no sufficient reason for reversing the action of the court below.   But, to emphasize our dissatisfaction with the complaint as a pleading, and our feeling that the defendant was not without considerable show of reason for his motion, we shall allow the plaintiff no costs in this court.

Order affirmed.