PETER ORTH *vs.* ST. PAUL, MINNEAPOLIS & MANITOBA RAILWAY COMPANY.

April 30, 1890.

**Master and Servant—Negligence—Sufficiency of Complaint.—Order of** the district court denying defendant's motion to make a part of the complaint more definite and certain, considered and affirmed.

Appeal by defendant from an order of the district court for Stearns county, *Searle, J.,* presiding, denying its motion to have the complaint made more definite and certain, in an action to recover $30,000 for personal injuries.

*M. D. Grover* and *Reynolds & Stewart,* for appellant.

*Theo. Bruener* and *D. T. Calhoun,* for respondent.

COLLINS, J. Appeal from an order denying a motion that a certain part of the complaint be made more definite and certain. From the pleading in question it appears that plaintiff was employed by defendant as a locomotive fireman. In substance, he alleges that the locomotive upon which he was at work was unsafe, defective, and insufficient, and that Smith, the engineer in charge, ran, operated, and managed it, and performed his duties as such engineer, in a reckless, negligent, careless, and unskilful manner. He further alleges "that, by reason and in consequence of the unsafeness, defectiveness, and insecurity of said locomotive, and the reckless, negligent, careless, and unskilful running, operating, and management of said locomotive by said Smith as such engineer, as aforesaid, the smoke-stack of said locomotive became and then and there was choked, clogged, and stopped up, and by reason thereof the fire, smoke, and steam in said locomotive were violently and in great quantities forced and.

thrown into the cab of said locomotive," the place in which plaintiff performed his duties as fireman, to his injury.   The motion, based on an affidavit of the defendant's general solicitor, in which he asserts that, after thorough inquiry, the defendant is unable to ascertain what acts or omissions plaintiff relies upon as constituting negligence on its part or upon the part of its servants, either as to the condition of the locomotive or as to its operation and management by the engineer, is that said plaintiff be made to show by his complaint in what respect the locomotive was unsafe, defective, or insufficient, as well as in what particular the engineer in charge was reckless, negligent, careless, or unskilful in its operation and management.

It will be noticed that the plaintiff, in addition to averring, generally, that the locomotive was unsafe, defective, and insufficient, and was recklessly, negligently, carelessly, and unskilfully operated and managed, alleges that in consequence of these defects and mismanagement the smoke-stack became choked, clogged, and stopped up, by reason of which the fire, smoke, and steam violently, and in great quantities, were forced into the cab, causing the injuries of which he complains.   Thus we have a well-known part of the locomotive specially designated as that which became choked, clogged, and stopped up, on the occasion referred to, by reason of defects existing in, or because of the mismanagement of, the locomotive, and, further, have it stated unequivocally that, by reason of this condition of the stack, fire, smoke, and steam were violently forced into another well-known part of the locomotive, and the plaintiff injured.   It would seem that this is sufficiently certain and definite, unless we assume that many defects might exist about a locomotive whereby its stack could become choked, clogged, or stopped up, or that when the stack is in such a condition there are a variety of ways in which an engineer can so handle his locomotive as to produce the result so distinctly and particularly set forth in this pleading.   But the appellant, in its brief, contends that it has a right to know, before it answers in the case, whether the defect complained of was in the smoke-stack of the locomotive, in its fire-box, in the dampers, or elsewhere, and that it should be precisely informed by the plaintiff's complaint whether the engineer improperly managed and manipulated the dampers, or

whether he allowed the exhausts to become closed up, or whether he used too much or too little steam; in brief, just what the engineer did or omitted to do whereby appellant became liable. A complaint should be complete enough to inform the defendant with reasonable certainty of what the plaintiff complains. Should more than this be demanded, a task would be imposed which in some cases could not be performed at all. It would frequently be impossible to adequately state a case of action, if more than reasonable certainty be required. We are convinced that in this instance the plaintiff has been as definite and certain as could reasonably be expected, under the circumstances. He held an inferior position on the locomotive,—that of fireman; and we cannot assume that either before or after the accident he had the ability or the opportunity to locate defects in the locomotive, or that he is now able to say from the result just where they existed. Nor can we assume that a fireman is able to state with exactness the manner in which an engineer so mismanaged his locomotive as to permit it to become in such a dangerous condition as the one in question seems to have been.

Finally, upon a motion to make a pleading more definite and certain it is for the court to consider whether the pleader has been as definite and certain as in the nature of the case could reasonably be expected of him; and to warrant a reversal by this court of an order denying the motion it must be made very clear that the district court has erred in the exercise of an authority to some extent discretionary. *Fraker* v. *St. Paul, M. & M. Ry. Co.*, 30 Minn. 103, (14 N. W. Rep. 366;) *Madden* v. *Minn. & St. Louis Ry. Co.*, 30 Minn. 453, (16 N. W. Rep. 263.)

Order affirmed.