Belmont v. O'Brien, 12 N. Y. 394; Katz v. Kaiser, 10 App. Div. 137, 41 N. Y. Supp. 776, affirmed 154 N. Y. 294, 48 N. E. 532; Martin v. Stoddard, 127 N. Y. 61, 27 N. E. 285.

The order should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.

(117 App. Div. 784)

### SULLIVAN v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. March 1, 1907.)

1. ELECTRICITY — STREET RAILROAD — INJURY TO PEDESTRIAN — STEPPING ON TRACK—QUESTION FOR JURY.

Where plaintiff alleged injury from an electric shock received by stepping upon defendant's tracks, it was error to charge that if he was injured in that manner he was entitled to recover, even if the testimony exonerated the defendant.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 18, Electricity, § 11.]

2. TRIAL—OPERATION—ERROR CURED BY OTHER INSTRUCTION.

A charge that defendant street railroad company is liable if plaintiff received a shock from its rail and was injured thereby is not cured by a charge that plaintiff must prove that any injury was from the shock, and that on this the jury cannot speculate, but the evidence must be positive.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, § 705.]

Appeal from Queens County Court.

Action by Peter J. Sullivan against the Brooklyn Heights Railroad Company. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed, and new trial granted.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

I. R. Oeland, for appellant.

Herbert N. Warbasse, for respondent.

JENKS, J. The learned court submitted the case to the jury, and instructed it that the issue was whether or not the plaintiff received an electrical shock by stepping upon the rail. "If he did receive an electrical shock by stepping upon the rails of this track, and was injured in that manner, he is entitled to recover." At the close of the charge the learned counsel for the respondent said:

"I ask your honor to instruct the jury that if they believe the plaintiff received an electrical shock at the time alleged and in the manner described by the plaintiff, unless they are satisfied that the defendant has exonerated itself, they may bring in a verdict for the plaintiff upon that evidence."

The court replied:

"Whether the defendant has exonerated itself or not, if they believe he received an electrical shock, he is entitled to recover."

Exception was taken. The learned counsel for the appellant then excepted to that part of the charge wherein the court said that:

"If the plaintiff received an electrical shock when he stepped on the tracks, he is entitled to recover."

The court then said:

"I will modify that to the extent that, if he was injured by an electrical shock which he received by stepping upon the tracks, he is entitled to recover."

The defendant then excepted to the charge as given and to the modification. I think that the exceptions were well taken. The action was for negligence; that is, for a breach of the legal duty to use the care due under the circumstances. The defendant offered evidence, described by the learned court in its charge, "to the conditions of the track there, and the opinions of their experts as to the impossibility of an electrical shock being transmitted, except under certain conditions which must have been present, and which they claim were not present." And yet the court charged, "whether the defendant has exonerated itself or not," if the jury believed that the plaintiff received the shock he is entitled to recover, or, in other words, that the defendant was an insurer, and that the sole question was whether the accident had resulted from the shock. It had not ruled as matter of law that there was no evidence that exonerated or tended to exonerate the defendant, and then but left to the jury as questions of fact the happening of the accident from the cause alleged, and of the damages, but had submitted the entire case, charging as the law that, even if the testimony did exonerate the defendant, it was liable. It is quite true that the doctrine of "res ipsa loquitur" was applicable. Clarke v. Nassau Electric R. R. Co., 9 App. Div. 51, 41 N. Y. Supp. 78. But as we said in that case, per Willard Bartlett, J.:

"The doctrine of 'res ipsa loquitur' simply calls upon the defendant, after proof of the accident, to give such evidence as will exonerate him, if any there be, and relieves the plaintiff from the burden of proving the nonexistence of an adequate explanation or excuse."

See, too, Ludwig v. Metropolitan St. R. Co., 174 N. Y. 546, 67 N. E. 1084.

The learned counsel for the appellant insists that in any event the error was cured or waived in that thereafter the defendant requested the court to charge, and the court in effect charged:

"That the plaintiff has got to prove by satisfactory evidence that any injury he received was due to an electrical shock, * * * and that the jury have no right to theorize or speculate, and that the evidence must be positive evidence, and not probable or theorizing evidence."

These instructions related to the cause of the injury and the requisite proof thereof, and in no way affected the question which I have discussed.

I advise that a new trial be ordered; costs to abide the event. All concur.