[No. 20509.  Department One.  September 1, 1927.]

FRANCIS LeDOUX, *by his Guardian ad Litem H. L. Millspaugh, Appellant,* v. ALERT TRANSFER & STORAGE COMPANY *et al., Respondents.*[1]

[1] NEGLIGENCE (23)—IMPUTED NEGLIGENCE—NEGLIGENCE OF OWNER OF PRIVATE VEHICLE IMPUTED TO OCCUPANT. One who rides on a motorcycle as a guest of the operator is charged with the operator's contributory negligence, where he knew that the operator was violating Rem. Comp. Stat., § 6334, requiring a light showing tinted rays visible for five hundred feet, and it appears that the light was adjusted to throw a beam only twenty or thirty feet, and he failed to show that this violation of the law did not contribute to the accident.

Appeal from a judgment of the superior court for Cowlitz county, McKenney, J., entered October 11, 1926, dismissing an action for personal injuries, sustaining a challenge to the sufficiency of the evidence. Affirmed.

*E. D. Germain* and *W. H. Sibbald,* for appellant.

*Fisk & McCarthy* and *Winter & Maguire,* for respondents.

FULLERTON, J.—The appellant LeDoux was the companion of Millspaugh, mentioned as such in the case of *Millspaugh v. Alert Transfer & Storage Co., ante* p. 111, 259 Pac. 22. His action is to recover damages suffered in the accident therein described. It was tried jointly with that case, and, like it, was dismissed with prejudice. His case differs from the cited case only in the circumstance that he was riding on the motorcycle with Millspaugh, at the invitation of Millspaugh, and was not the operator of the motorcycle. His contention for reversal is that he is entitled to

¹Reported in 259 Pac. 24.

recover, even though the accident causing the injury was the combined result of the concurring negligence of Millspaugh and the transfer company.

[1] The evidence discloses that, at the time of the accident, he was residing at Portland, in the state of Oregon; that Millspaugh visited him at that place, riding the motorcycle from Longview in this state to Portland for that purpose; that, when Millspaugh was ready to return, he invited the appellant to return with him, that he accepted the invitation, and that it was on the return journey that the accident causing the injury occurred. The record further shows that the appellant was at all times aware of the condition of the light on the motorcycle. It was near midnight and dark, when they left Portland. At the city of Vancouver, a few miles distant from his home, the light on the motorcycle began to wane, and they stopped at that place to have it adjusted. As noted in the former case, he was, thereafter, at all times fully aware of the condition of the light; testifying in substance that it was so adjusted as not to disclose an object on the highway in its front in excess of twenty-five or thirty feet distant. The appellant thus knew, or is conclusively presumed to know, that the vehicle was operated in violation of a positive law of the state. In consenting to ride and in riding on the motorcycle with knowledge of its condition, he was a participator in the violation of the law, and cannot, therefore, claim the ordinary immunities of a guest.

The judgment is affirmed.

MACKINTOSH, C. J., MAIN, MITCHELL, and FRENCH, JJ., concur.