## J. W. JOHNSON v. E. C. BOSCH.[1]

October 25, 1929.

No. 27,462.

*Somsen, Dempsey & Flor,* for appellant.
*A. R. English,* for respondent.

HOLT, J.

Defendant appeals from a judgment awarding plaintiff damages for injuries received in an automobile accident.

On the night of July 2, 1928, plaintiff and defendant attended a card party at one of the homes at Balaton, Minnesota. So did Severance, the depot agent, but he left about three o'clock in the morning. Plaintiff remained and became so engrossed in the game

[1]Reported in 227 N. W. 181.

as to become oblivious to the fact that he was to board a passenger train going west at 4:16 a. m. until the noise of the train passing through roused him. He then told defendant of his predicament, and defendant offered the use of his automobile whereby it was thought plaintiff could either overtake the train or at least arrive in Brookings, South Dakota, in time to take the north bound train from there to his destination, provided they could get Severance to drive the car, since defendant's sight was defective. Defendant drove plaintiff to the Severance home. Severance was aroused, hurriedly dressed, consented to drive, and the three started out. Plaintiff was in the front seat with Severance and defendant alone in the back seat. All realized that a good speed had to be maintained or the trip would be in vain. The highway was graveled and in good condition. Some miles out of Elkton they met a car whose driver appeared unwilling to yield them half the road, holding his course in the center. Severance gave as much room as he could. Defendant and Severance testified to some jerk as the other car passed, but no one claims that the cars touched. Defendant's car swerved across the road and tipped over, the front being to the east. Plaintiff and defendant were both injured.

Improper control and excessive speed are the only charges of negligence made in the complaint. There is no evidence of excessive speed. The highway was graveled, of ordinary width, and generally in good condition. At no time did the speed exceed 40 miles according to the testimony. As to the control plaintiff admits that Mr. Severance had the reputation of being a good and careful driver; and, sitting by his side, observing his driving and the conditions confronting him, plaintiff did not undertake in his testimony to call attention to any improper act on the part of Mr. Severance or suggest how the accident might have been avoided. Plaintiff seems to rely wholly upon the res ipsa loquitur doctrine for a recovery. It is not here applicable. No defect in the car was claimed. It was being operated upon a highway maintained by the public and not by defendant. Its condition was as visible to plaintiff as to the defendant and the driver. Hence the only other thing that had to do with the accident was the control of the car at that place,

and this was in view of plaintiff and his witnesses, so that there is no occasion to have inferences of negligence drawn from the accident itself. Heffter v. Northern States Power Co. 173 Minn. 215, 217 N. W. 102.

With the rule of res ipsa loquitur out of the case, we fail to find any negligence of the driver upon which a jury could rest the verdict. As stated, plaintiff does not assign any fault of the driver for the mishap. He admits the approaching car was coming at such speed and occupying such part of the roadway that Mr. Severance was compelled to draw close to the shoulder to avoid a collision; and he testified that, sitting as he did, he did not see Mr. Severance do anything unusual or out of the ordinary in driving. It happened that the gravel where the cars met was loose near the shoulder of the roadway. However there is nothing to show that this condition could be detected by either plaintiff or the driver before the car struck it. Defendant's testimony suggests that the two cars as they passed might have come in contact so as to cause the jerk he felt and the swerving. The driver attributes the jerk rather to the loose gravel. At any rate it would be mere guess work for the jury to find that the negligence of the driver either in being where the loose gravel was or in the control of the car thereafter caused the upset. And this in face of the driver's testimony, not contradicted by either testimony or circumstances, that he knew of nothing which he could or should have done under the conditions and circumstances to prevent the accident.

Defendant was entitled to the directed verdict requested.

The judgment is reversed with direction to enter judgment for defendant.