## DICK RYE v. P. L. KING.[1]

January 6, 1933.

No. 29,216.

[1]Reported in 246 N. W. 256.

*L. H. Dow,* for appellant.
*Jenswold, Jenswold & Dahle,* for respondent.

OLSEN, J.

Defendant appeals from the judgment.

The action is one to recover damages for personal injury to plaintiff's minor child, Dolores, a girl about four years old, claimed to have been caused by negligence on the part of defendant's son, Joseph King, in operating an automobile truck owned by the defendant and being used at the time in defendant's business. That defendant was responsible for the acts of his son in operating the truck is not disputed.

Defendant was engaged in the business of buying live stock and poultry from farmers and transported same in this truck from the farms where purchased to his place of business in Duluth. On February 10, 1932, defendant, with his son driving the truck, came to plaintiff's farm near Sturgeon Lake to get some chickens which he had purchased. The truck had an ordinary cattle rack body. They stopped it in the farmyard. In the yard were the barn, chicken house, a straw stack, and two piles of wood, one a pile of cordwood about four feet high. The defendant and his son, by permission of plaintiff, butchered some calves which they had brought with them in the truck. During that time the child Dolores was out in the yard. All the parties then went into the house for lunch. After lunch defendant and his son went to the chicken house to crate the chickens they were to take. Plaintiff went out to the barn. The evidence does not show when the child again came out into the yard. Joseph King then undertook to back the truck around so as to head it toward the chicken house or toward the road out to the highway. At that time, or while he was backing the truck, the girl Dolores had climbed up on the pile of cordwood and was sitting on top thereof about four feet from the ground, with her feet hanging down over the edge of the wood.

Joseph backed the truck in a curve and into the woodpile on which Dolores was sitting, thereby breaking both of her legs and causing serious injury. Joseph King, while present in the court room when the case was tried, was not called as a witness, so there is no evidence as to whether or not he saw the child on the pile of wood. The defendant saw the child there but too late to prevent the accident. The truck was backed a distance of some 40 or 50 feet.

There was no motion by the defendant for a new trial, and the only question for review is as to the sufficiency of the evidence to sustain the finding by the jury of negligence on the part of Joseph King. The court submitted the case to the jury under a charge to which no objection is made, if there was sufficient evidence to go to the jury. A motion to dismiss at the close of plaintiff's evidence and a motion for a directed verdict for defendant at the close of the evidence were made and denied. The question of negligence was the question of whether the driver of the truck exercised ordinary care, under the circumstances shown, in so operating the truck as to collide with the woodpile, knock down a part of it, and injure the child. The jury, taking into consideration all the circumstances and the situation as shown by the evidence, had the right to draw reasonable inferences and conclusions therefrom. The operator of the truck had been in and around this farmyard for some time. It is readily and reasonably inferred that he knew of the presence and location of the pile of wood. The obstruction was in plain view for anyone looking in that direction. A farmyard is a place where persons, animals, and objects of different kinds are likely to be present. It is not generally an open field or space. In backing a truck in an irregular course for some 40 or 50 feet in such a yard it seems reasonable to hold that the truck driver should use ordinary care to watch out where he is going and see that the way is clear of obstructions. There is no evidence that this driver used any care in that regard or looked to see where he was going. Had he looked and seen the child he might have been held to be wilfully negligent. But assuming, as we do, that he did not see the child and did not notice the woodpile at that time, the jury could well find that he failed to exercise ordinary care in operating the truck and was negligent.

The res ipsa loquitur rule has been discussed. We do not find it necessary to determine its applicability. The facts and circumstances shown were sufficient to justify the jury in finding negligence. As held in Jacob v. Ivins (C. C. A.) 250 F. 431, if there was no evidence that the truck skidded or got out of control, the jury was justified in finding negligence.

The evidence of negligence need not be direct and positive. The fact of negligence may be proved by evidence of circumstances bearing more or less directly upon the fact. The plaintiff need not prove more than enough to raise a fair presumption of negligence. Having done this, he is entitled to recover unless the defendant produces evidence sufficient to rebut the presumption. 4 Dunnell, Minn. Dig. (2 ed.) pp. 1123-1124, and cases cited in note 66. There was here no evidence presented by defendant in any way explaining or justifying the conduct of the truck driver in backing into the pile of wood.

There is an assignment of error challenging the verdict as excessive. The question has not been argued, and we are not called upon to consider it. The verdict seems reasonable.

Defendant places reliance on the case of Heikkila v. Standard Oil Co. 193 Wis. 69, 213 N. W. 652. There the truck driver was directed by the owner of the premises to drive ahead on a driveway. There was no obstruction ahead of the truck. A small child, not seen by either of the men, had come up to the side of the truck, while it was standing, so as to be run over by one of the rear wheels when the truck was started. The circumstances were different from those in the present case.

Other cases cited do not appear to be controlling.

The evidence sustains the verdict, and we find no errors.

Judgment affirmed.