## HELEN WHITE v. WALTER L. COCHRANE.[1]

June 16, 1933.

No. 29,452.[1]

*Sexton, Mordaunt, Kennedy & Carroll,* for appellant.
*Farmer & Tighe,* for respondent.

[1]Reported in 249 N. W. 328.

*HOLT, Justice.*

Action for injuries received in an automobile accident. Defendant moved for a directed verdict. The motion was denied, and a verdict was returned for plaintiff. Defendant moved for judgment notwithstanding the verdict. The motion was denied, and judgment was entered on the verdict, from which judgment defendant appeals.

The short facts are these: Plaintiff, a young woman 22 years old, does some work for defendant. Both live in Madelia. Plaintiff's sister works in an office near by, where is also Mr. Jenkins. At quitting time on the afternoon of August 31, 1931, it was raining. Plaintiff's sister, on her way home, came to defendant's office. Defendant offered to take plaintiff and her sister home. They accepted, but in the auto defendant asked whether they would not go to Amboy and get Mr. Jenkins before going home. Plaintiff and her sister consented. Arriving at Amboy, they did not find Mr. Jenkins as expected, so concluded to take their evening meal there instead of at home. After finding Mr. Jenkins, they left for Madelia at about nine p. m. The headlights failed to light, they could not get them fixed, and had to get along with the "dimmer" lights. When near Vernon Center the "dimmer" lights went out. No auto mechanic could be found, but a flash-light was procured, which defendant, sitting in the front seat, held so as to light the road, and it did light it for about 45 feet in front of the car. Mr. Jenkins was driving. A short distance out of Vernon Center a car with bright lights overtook and passed them. As it did so defendant asked Mr. Jenkins to keep up with that car, which would give them sufficient light to drive by. Up to that time their speed had been about 10 to 12 miles per hour, but plaintiff estimated that the car which they attempted to keep up with was traveling from 30 to 36 miles per hour. Within a very short distance, after attaining the speed just mentioned, the rear of defendant's car seemed to slide to the right. The driver tried to go nearer the center, but loose gravel or else the wet road caused him to lose control, and the car went over the left ditch. In the jolting in going over the ditch plaintiff was injured. She and her sister were in the rear seat.

Defendant moved for a directed verdict and for judgment non obstante on these grounds: That plaintiff was contributorily negligent and assumed the risk in riding in an unlighted car after dark, and that she failed to show that defendant or the driver negligently managed the car so as to cause her injury. Although plaintiff testified that she insistently objected to riding in the car when the headlights were not functioning, yet she was persuaded to do so by the assurance of defendant and the driver that they would drive safely and carefully. However, she was a mature person and fully aware of the dangers to which she exposed herself in riding on a dark night in an unlighted car. Some courts have held that by so doing a guest assumes the risk and is contributorily negligent as a matter of law. In LeDoux v. Albert T. & S. Co. 145 Wash. 115, 259 P. 24, where, about midnight, an unlighted motorcycle, on which plaintiff was riding as the guest of the operator of the vehicle, ran into defendant's unlighted truck, the court said [145 Wash. 116]:

"The appellant thus knew, or is conclusively presumed to know, that the vehicle was operated in violation of a positive law of the state. In consenting to ride and in riding on the motorcycle with knowledge of its condition, he was a participator in the violation of the law, and cannot, therefore, claim the ordinary immunities of a guest." Knipfer v. Shaw, 210 Wis. 617, 246 N. W. 328; Rebillard v. M. St. P. & S. S. M. Ry. Co. (C. C. A.) 216 F. 503, L. R. A. 1915B, 953, are to the same effect.

It is not necessary to rest a decision on the proposition that plaintiff as a matter of law was contributorily negligent or assumed the risk. The burden was on defendant to prove that her negligence or assumption of risk proximately contributed to her injury. And it may be conceded that this was a jury question.

The burden was on plaintiff to establish that defendant's negligence caused her injury. That the car was driven unlighted and in violation of law cannot be held actionable negligence in favor of plaintiff, who with full knowledge of such violation consented to ride therein. But, irrespective of lights, plaintiff was required to show that there was negligence in the operation of the car which

caused her injury. She cannot well rely on the rule of *res ipsa loquitur*, for she testified she was there and observed the speed and light conditions and what, if any, difficulties confronted the driver and defendant as well as they did, except that she sat about two and one-half feet farther toward the rear of the car. She makes no claim that Jenkins at any time drove carelessly up to the moment the car passed of whose light they sought to avail themselves. The only thing that then happened was that the speed was increased to 30 or 36 miles per hour. That speed is not prima facie evidence of negligence. She testified that the rear of the car swung to the right, and in attempting to get the vehicle in proper position loose gravel threw the car out of control. But that is not all. Plaintiff affirmatively absolved the driver from negligence. On cross-examination, after testifying that she knew how the car was being operated and that, where a driveway led into a farmyard, it struck some loose gravel which she did not see but felt took the car out of control, she was asked:

Q. "Now, up until that time there was nothing about the driving of that car, other than the fact it had no lights on it, that you were concerned about or that you said anything about?

A. "No.

Q. "It was going along as well as you could expect under the circumstances of traveling without headlights?

A. "Yes.

Q. "You did not feel then that the driver of that car could see any farther ahead on the road than you could see from where you were sitting, did you?

A. "I don't know, he probably could see farther sitting in the front seat than I could in the back seat.

Q. "You think it would be the difference between your position in the back seat and his position in the front seat?

A. "Yes.

Q. "But you were watching ahead?

A. "Yes.

Q. "When the car went into the loose gravel, as you have de-

scribed, the driver, so far as you were able to see, did everything he could to bring the car back on the road?

A. "Yes, he did.

Q. "You do not know of anything he could have done then that he did not do?

A. "No, I do not.

Q. "From the time this car passed you and you fell in behind that car, you had no difficulty following along behind that car until you struck this loose gravel?

A. "No, we did not."

There is no testimony of any negligence of defendant or the driver other than the fact that this car left the road and plaintiff's explanation of why it did so. Instead of proving negligence of defendant or the driver as the cause of the accident, plaintiff acquits them of responsibility. The case is very similar in regard to want of proof of negligence to that of Johnson v. Bosch, 178 Minn. 363, 227 N. W. 181. In that case as in this, the plaintiff, observing and knowing conditions about as well as the driver, could not point to any fault of the driver as the cause of the mishap, and judgment was directed notwithstanding the verdict.

The judgment is reversed with direction to enter judgment in favor of defendant notwithstanding the verdict.

*WILSON, Chief Justice* (dissenting).

In my judgment it is not necessary for plaintiff to rest upon the rule of *res ipsa loquitur*. I do not agree, however, that plaintiff, riding in the back seat in the dark knew all the movements, delinquencies, and activities of the driver, nor do I think her testimony acquits the driver of negligence. The facts and circumstances disclosed by this record are sufficient to justify the jury in finding negligence. The fact should not be overlooked that defendant did not take the stand. He offered no evidence.

In my judgment, the facts, permissible inferences, speed, and all the circumstances were sufficient, in the absence of explanation, to take the case to the jury. Perhaps I could state the rule no better

than to quote from Mr. Justice Olsen in Rye v. King, 187 Minn. 587, 590, 246 N. W. 256, 257:

"The evidence of negligence need not be direct and positive. The fact of negligence may be proved by evidence of circumstances bearing more or less directly upon the fact. The plaintiff need not prove more than enough to raise a fair presumption of negligence. Having done this, he is entitled to recover unless the defendant produces evidence sufficient to rebut the presumption."

*LORING, Justice* (dissenting).

In my view there was ample evidence to go to the jury on the question of defendant's negligence. Driving at the speed he did in endeavoring to follow the lighted car might be expected by an ordinary, prudent man to result in running into something which would cause trouble. In this case he ran into loose gravel, and I think that was a natural and probable result of running at such a speed without other light than that from the car ahead. I do not agree with the majority opinion that there was no negligence in the speed of 30 or 35 miles an hour under those conditions.

On the question of plaintiff's contributory negligence, I think the assurance given by defendant that they would drive carefully was such as to overcome plaintiff's fears and to lull her into a sense of security. It hardly lies in defendant's mouth now to claim assumption of the risk after having given such an assurance. That question also was, in my opinion, for the jury, and the majority so holds.

*DIBELL, Justice* (dissenting).

I concur in the result reached by the Chief Justice and Mr. Justice Loring and dissent from the prevailing opinion.