WALTER CULLEN v. WALFRED L. PEARSON.
C. ADRY ANDERSON v. SAME.[1]

Nos. 29,797, 29,798.

March 2, 1934.

[1]Reported in 253 N. W. 117, 254 N. W. 631.

*Lewis, Hunt & Palmer,* for appellant.
*Baldwin, Holmes, Mayall & Reavill,* for respondents.

I. M. OLSEN, *Justice.*

Two actions, tried together, for personal injuries arising out of an accident. Defendant owned and was driving a White truck on a public highway. The two plaintiffs had been assisting the defendant in temporary road work on his premises and were riding with him in the truck, returning from such work. The truck suddenly ran off the highway into the adjoining road ditch and overturned, and the two plaintiffs were injured. The defendant appeals in each case from the judgment in favor of the plaintiff therein. There was a motion in each case for judgment notwithstanding the verdict. No motions for new trials were submitted.

It is assigned as error that the court erred in denying defendant's motions to require plaintiffs to make the complaints more definite and certain by alleging in what particulars it was claimed that defendant was negligent and in what particulars it was claimed the truck was in a poor state of repair.

The other assignments of error present the one question of the sufficiency of the evidence to sustain the verdicts and judgments holding that defendant was negligent and thereby caused plaintiffs' injuries.

The orders denying the motions to require the plaintiffs to make the complaints more definite and certain do not present any serious question. Such an order is largely discretionary. It will not be disturbed where substantial rights on the merits have not been affected. Hart v. Lincoln Nat. L. Ins. Co. 144 Minn. 155, 174 N. W. 740. It will not be disturbed unless the trial court has abused its discretion. Young v. Lindquist, 126 Minn. 414, 148 N. W. 455. It will not be granted for the purpose of requiring the party to plead evidentiary facts, Bowers v. Schuler, 54 Minn. 99, 55 N. W. 817, nor where the information asked is not within the knowledge

or reach of the pleader, Orth v. St. P. M. & M. Ry. Co. 43 Minn. 208, 45 N. W. 151;.49 C. J. p. 738.

The complaints allege that defendant so negligently failed to inspect and repair, and so negligently maintained, managed, and operated the truck, as to cause it to run off the highway, turn over, and thereby cause plaintiffs' injuries. At the trial plaintiffs made no attempt to prove any failure on the part of the defendant to inspect or repair the truck, and the court instructed the jury that no recovery could be had on those grounds. The issue of negligence submitted to the jury was whether defendant was negligent in the manner in which he operated the truck at the time. No substantial rights of the defendant on the merits were affected, and there was no abuse of discretion by the trial court. Defendant was informed by the complaints that it was claimed that he was negligent in the management and operation of the truck and thereby caused it to run off the highway and turn over. He would necessarily know that this involved the speed, the road conditions, and his control and care in driving. The facts as to these matters were better known to defendant, driving the truck, than to plaintiffs.

■ Is the evidence sufficient to sustain the finding by the jury that defendant was negligent in the management and operation of the truck and thereby caused the accident? No errors are assigned as to the charge of the court. We are required here to consider the evidence in the most favorable light for the plaintiffs. The road was a wide, straight, graveled highway. There was some loose gravel thereon, but there were two wheel tracks in which there was no loose gravel. The truck was being driven down a slight incline at a speed of about 35 miles an hour at the time of the accident. It was in the evening, after dark. The truck had proper headlights, and the lights were on. The truck suddenly turned off the road and overturned. Defendant testified in part as follows:

"The only thing I remember was as we were down towards the bottom of the hill I just remember of seeing the woods and the rocks in front of the truck. I had a sensation of the back end of the truck sluing to the right. But outside of that I don't remember much about it. I seen the woods in front of the truck and the

ditch, and the next thing, of course, when the truck was turned over and we were in the cab."

A sudden turn of the truck going at 35 miles an hour would naturally cause the rear end to skid or slue. Plaintiff Cullen testified substantially the same. Defendant testified that he had driven this kind of a truck a good deal; that "the front end isn't steady like all other cars, * * * it is a characteristic of them to have a sort of a wobble in the front wheels on a rough road"; that the front wheels have a tendency to wobble more than on other cars or trucks. There is evidence by plaintiff Cullen that in driving out to the place of work, in going 40 to 45 miles an hour, defendant slowed down and said: "I better not drive so fast with this truck, it shimmies when I go fast over this rough road." This was on the same road, but evidently not at the place where the accident happened. Cullen also testified it was his experience, in driving White trucks, that "in case they hit any gravel or anything they are apt to skid easy." There is evidence that after the accident defendant made this statement: "Gee, I should have known better than to take this old truck out there because she steers like a model T Ford." Defendant testified that he would not say he was driving in the wheel tracks in the road at the time, although he imagined he was. He was asked if he had his hands solidly on the wheel, and answered: "Just like I always do when I drive."

The contention on the part of the defendant is that the rule of res ipsa loquitur does not apply to the case and that, independent of that rule, no negligence was shown. It is not very important whether or not the res ipsa loquitur rule applies. That rule is that where the thing causing the injury complained of is shown to be at the time under the management and control of the defendant and the accident is such as in the ordinary course of things does not happen if the one who has control and management of the thing uses proper care, the accident itself affords reasonable evidence, in the absence of explanation by the defendant, that it arose from want of due care on the part of the defendant. Heffter v. Northern States Power Co. 173 Minn. 215, 217 N. W. 102; 45 C. J. 1193.

140

In the Heffter case and in other cases in this and other courts, the general statement is made that the rule does not apply when all the facts attending an accident are disclosed in the evidence. That statement, properly applied, is correct. But the most important fact in such a case is what caused the accident, what particular act or omission of the defendant, or other thing or condition, caused it. Where such cause is not shown and is not within the knowledge or reach of the plaintiff, the rule would seem to apply. Here the plaintiffs did not have such knowledge, and the defendant disclaimed knowledge of the cause. The text in 45 C. J. pp. 1206, 1207, states the exception as follows:

"Hence the presumption or inference arising from the doctrine cannot be availed of, or is overcome, where plaintiff has full knowledge and testifies as to the specific act of negligence which is the cause of the injury complained of, or where there is direct evidence as to the precise cause of the accident and all the facts and circumstances attendant upon the occurrence clearly appear. However, plaintiff is not deprived of the benefit of the doctrine from the mere introduction of evidence which does not clearly establish the facts or leaves the matter doubtful, * * * an unsuccessful attempt on the part of plaintiff to show the specific negligent act which caused his injury does not weaken or displace the presumption of negligence on the part of defendant arising from the facts of the case by virtue of the rule of *res ipsa loquitur*."

In notes 55, 56, 57, 58, and 59 on the pages noted numerous cases are cited to sustain the text statements. We need not here extend this opinion by giving the long list of citations. The well considered case of Kleinman v. Banner Laundry Co. 150 Minn. 515, 186 N. W. 123, 23 A. L. R. 479, throws light upon the subject.

■ But, as held in Heffter v. Northern States Power Co. 173 Minn. 215, 217 N. W. 102, we need not depend on the rule of *res ipsa loquitur* to sustain the verdicts in the present cases. Negligence, like most facts to be proved in a civil action, may be proved by circumstantial evidence. The jury may draw all reasonable inferences from the facts and circumstances shown. The facts and circumstances here shown were sufficient to justify the jury in finding that

defendant was negligent in the driving and operation of the truck and thereby caused the accident. 4 Dunnell, Minn. Dig. (2 ed.) pp. 1123, 1124, and cases cited in note 66, p. 1124.

Defendant presented the evidence of a mechanic who examined the truck sometime after the accident and after the truck had been purchased by the county. The truck had not been repaired up to that time. He testified that he found a grease cup on a spindle near a front wheel and axle which was loose and turned up toward the axle so that when the wheel was turned to the left about 25 degrees the cup in that position would lock or interfere with the steering and the truck could not be turned to the right. This evidence would not seem to aid the defendant. There is no evidence that this cup was so turned up or that the steering arm was locked or interfered with in that manner at the time of the accident. Certainly it was not in that condition during the drive out to the place of work or returning therefrom up to the time of the accident. Nothing occurred just prior to the accident to cause the cup to turn up. Again, before the cup could lock the steering arm, the wheel had to be turned 25 degrees to the left. If the wheel was so turned, driving at 35 miles an hour, the truck would run off the road before the wheel could be turned back, whether locked or not. Again, this truck, after the accident, was driven several miles back to town on its own power and was thereafter driven by the mechanic from defendant's garage to the county garage, some seven or eight blocks, and the steering arm or wheels were not locked. The jury was fully justified in finding that this grease cup had nothing to do with the accident. Defendant has not shown any other cause for the accident.

The judgments appealed from are affirmed.

*DEVANEY, Chief Justice,* absent in attendance upon board of pardons, took no part.

ON APPLICATION FOR REARGUMENT.

On April 27, 1934, the following opinion was filed:

*PER CURIAM.*

There is nothing in the claim now made that the opinion herein shifts the burden of proof in a negligence case onto the defendant to

prove that the accident happened without his fault. The rule that the burden of proof on the question of negligence rests upon the plaintiff claiming it, and does not shift, is so well known that it was not deemed necessary again to restate the rule. All that is decided by the opinion is that the facts and circumstances shown were sufficient to justify the jury in finding that defendant was negligent and thereby caused the accident. That statement did not cast any burden of proof on the defendant. We did say, at the end of the paragraph considering the evidence presented by the defendant as to a loose grease cup on the truck, that defendant had shown no other cause for the accident. That statement throws no burden of proof onto the defendant.

We did not overlook the cases of Johnson v. Bosch, 178 Minn. 363, 227 N. W. 181, and White v. Cochrane, 189 Minn. 300, 249 N. W. 328, but may have been remiss in not distinguishing them as to the facts. In the case of Johnson v. Bosch, 178 Minn. 363, 227 N. W. 181, the driver of the car causing the accident was compelled by an oncoming car, occupying the center of the highway, to turn out to his right and into loose gravel on or near the shoulder of the highway, causing a jerk which swerved the car across the highway and caused it to overturn. In White v. Cochrane, 189 Minn. 300, 249 N. W. 328, the car causing the accident was being driven without lights in the night, following another car and going at 30 to 36 miles an hour on a road having loose gravel thereon. The car seemed to slide to the right and, in attempting to get back nearer the center of the road, the loose gravel or wet condition of the road caused the driver to lose control, and the car went across the road into a ditch. The failure to have headlights on the car was negligence, but the decision was placed on the ground that plaintiff had consented to ride in the car as a guest, knowing that it was being operated without lights in violation of law, and had assumed the risk. It may be noted also that the chief justice and two associate justices dissented in that case. The cause of the accident was shown in each of these cases. See also Rye v. King, 187 Minn. 587, 246 N. W. 256, stating the rule as to circumstantial evidence to prove negligence.

Reargument denied.