I cannot agree with the prevailing opinion in this case for the reason that I believe the doctrine of res ipsa loquitur is applicable.
The tire and rim assembly which caused the injury was exclusively under the control of the defendant. It had been last assembled by parties other than plaintiff. After the accident, the defendant again took possession.
As far as the record shows, defendant, after the injury, caused no examination of the equipment to be made by persons experienced in handling such equipment. If such an examination were made, the finding must have been unfavorable to defendant as no testimony was introduced as to its condition after the accident.
The rule applicable is aptly expressed on pages 342 and 343 of 37 Words and Phrases, Perm.Ed.:
" 'Res ipsa loquitur rule' is that where the thing causing the injury complained of is shown to be, at the time, under the management and control of the defendant, and the accident is such as in ordinary course of things does not happen if the one who has control and management of the thing uses proper care, the accident itself affords reasonable evidence, in the absence of explanation by the defendant, that it arose from want of due care on the part of the defendant. Cullen v. Pearson, 191 Minn. 136,253 N.W. 117 [254 N.W. 631]."
"The doctrine simply calls upon the defendant, after proof of the accident, to give such evidence as will exonerate him, if any be, and relieves the plaintiff from the burden *Page 750 
of proving the nonexistence of an adequate explanation or excuse. Sullivan v. Brooklyn Heights R. Co., 117 App. Div. 784, 102 N.Y.S. 982, 983, quoting Clarke v. Nassau Electric R. R. Co., 9 App. Div. 51, 41 N.Y.S. 78."
Plaintiff, having proven his injury by an instrumentality under defendant's control, and defendant, having failed to present such evidence as would exonerate him, becomes responsible under the above well founded doctrine.
For this reason, I respectfully dissent from the finding of law in the prevailing opinion.