## SAMUEL S. MARLEY vs. ISAAC C. SLAW.

ACTION—JOINDER OF CAUSES.

It was improper to join counts in one declaration for false imprisonment with counts for libel and slander, the one being an action of trespass and the other an action of trespass on the case.

(<em>November</em> 29, 1911.)

Judges BOYCE and RICE sitting.

*Julian C. Walker* for plaintiff.

*Richard S. Rodney* for defendant.

Superior Court, New Castle County, November Term, 1911.

Demurrer to the whole declaration for misjoinder in an action for false imprisonment (No. 7, May Term, 1911).

BOYCE, J., delivering the opinion of the court:

This is a demurrer to the whole declaration for misjoinder in an action for false imprisonment.

It is a general rule of common-law pleading favored by the policy of the law against multiplicity of actions, that several causes of action of the same nature existing between the same parties, accruing to the plaintiff in the same right, against the defendant in the same capacity, and requiring the same judgment, may all be joined, by several counts, in one declaration. Thus several trespasses—as assault and battery, false imprisonment and trespasses upon property—may all be joined. And several trespasses on the case, *ex delicto*—as slander, trover, malicious prosecution etc.,—may all be joined. This is so, although they should not all require the same general issue, the test being that they must require the same forms or species of action and have the same judgment.

A count in trespass for an assault and battery or false imprisonment cannot be joined with trespass on the case, *ex delicto*—as malicious prosecution, or any other wrong unaccompanied by force—notwithstanding these several causes of action require the same general issue; for the reason that they require, at common law, different judgments. *Gould's Pleading*, §§ 79, 82, 83, 84, 87 and 89.

Counts which might be made the subjects of an action on the case, *ex delicto*, may be joined with a count in trespass for assault and battery—as, for instance, a count for the battery or seduction of a servant *per quod servitium amisit*, if the latter should be stated to have been committed *vi et armis*. With certain exceptions, as indicated, counts in one species of action cannot be joined with counts in another of distinct natures, requiring different judgments. 1 *Chitty, Plead.* §§ 199, 200, 201.

The seventh and eighth counts in the plaintiff's declaration,

are laid in slander and are improperly joined with the other counts in the declaration. The declaration is, therefore, bad for misjoinder. The demurrer is sustained.

Upon the election of the plaintiff under the statute judgment *respondeat ouster* was entered.