JESTON E. KNIGHT and MARY KNIGHT *v.* INDUSTRIAL TRUST COMPANY, a corporation of the State of Delaware.

(*July* 19, 1937.)

HARRINGTON and SPEAKMAN, J. J., sitting.

*Marguerite D. Bodziak* for plaintiff.

*John B. Jester* for defendant.

Superior Court for New Castle County, No. 141, January Term, 1935.

SPEAKMAN, J., delivering the opinion of the Court:

The first count being in trespass *quare clausum fregit* it is immaterial whether any portion of the property which the defendant is charged with having taken and carried away became personal property after being severed from the realty, or whether it continued to be a part of the

realty as claimed by the defendant, and for that reason the first assigned cause of demurrer is overruled.

In considering the second assigned cause of demurrer which goes to the first three counts, it of course must be conceded that at common law a plaintiff could not properly declare in trespass in an action commenced by a writ in case.

However, it is provided by a Statute of this State, being *Section* 4656 of the *Revised Code* of 1935, that:

> "In all actions on the case, it shall be no objection to maintaining such actions that, but for this section, the form thereof should have been trespass; and in all actions of trespass it shall be no objection to maintaining such actions that, but for this section, the form thereof should have been case."

The Court in considering the meaning of said *Section* 4656 (*Revised Code* 1852, *p.* 379) in the case of *Cann v. Warren,* 1 *Houst.* 188, in which the form of action was in case and the first count of the declaration was for a trespass upon real property, said:

> "The declaration in the case was in fact in trespass, though the action was in form an action on the case; and at common law, in the absence of any statutory provision on the subject, the action, as well as the declaration, should have been in trespass, and not on the case. But our statute, *Revised Code, p.* 379, had provided that, when the action was in case, it should be no objection to maintain it but for that provision, that it should have been in form an action of trespass, and vice versa; the object of which, as we understand it, was simply to prevent a plaintiff who brought his action in case, when, in point of form at common law, it should have been in trespass, or had brought it in trespass when it should have been in case, from being defeated in maintaining it, by objections to the form of the action merely, either on a motion for a non-suit, or by the direction of the Court to the jury, or in any other way; simply because he had, on certain technical distinctions existing between them at common law misconceived his form of action in the suit, or the direct or consequential nature of the injury in point of fact to be proved."

See, also, *Bailey v. Wiggins,* 1 *Houst.* 299; *Cannon v. Horsey,* 1 *Houst.* 440.

By reason of the statute above referred to as hereto-

fore construed by this Court the second assigned cause of demurrer is overruled.

In support of the third assigned cause of demurrer which goes to the first three counts the defendant contends that it is very essential that it know who its agents and officers were through whom the alleged trespass was committed, so that it may make proper preparation for its defense.

It is well settled that it is not necessary in pleading to state that which is mere matter of evidence or as is stated by Mr. Chitty:

"It is a well recognized rule of pleading that in the allegation of an essential fact, it is unnecessary to state such circumstances as merely tend to prove the truth of it." 1 *Chitty Pl.* 225.

A case in which the facts as alleged are somewhat similar to the facts as alleged in the first three counts in the present case is that of *Commonwealth Co. v. Nunn et al.*, 17 *Cal. App.* 117, 67 *P.* 342, 343. In that case it was charged that the defendant, a corporation, unlawfully and by force and violence entered upon the plaintiff's premises, destroyed part of a building and removed a portion of the machinery used in operating the property. The defendant contended that the complaint lacked certainty in not averring through what particular officers, agents or employees of it the supposed trespasses were committed and that without specific allegations it could not investigate and determine whether such trespasses were committed. The Court held:

"This was asking plaintiff to plead its evidence, which it was not required to do."

The Colorado Court cited the case of *Todd v. Minneapolis Railway Co.*, 37 *Minn.* 358, 35 *N. W.* 5, 6, in which it was said:

"The uncertainty or indefiniteness complained of is not as to what the complaint alleges, but as to what particular evidence the plaintiff may produce to support it. The allegations as to the acts of

the defendant railway constituting plaintiff's cause of action are not claimed to be either uncertain or indefinite, but what defendant asks is that the plaintiffs be required to plead the names of the particular officers or agents, claimed to have done or committed these acts, so that it may be advised in advance what particular witnesses it will probably need to rebut the evidence of the plaintiff. To require this would be unprecedented, and subversive to the most familiar and well-established rules of pleading."

The reasoning of the Court in the Minnesota case is approved by this Court, therefore the allegations of the plaintiff in the first, second and third counts to the effect that the defendant corporation unlawfully broke and entered the plaintiff's close is sufficiently particular to meet the requirements of the rules and precedents of pleading, and for that reason the third assigned cause of demurrer is overruled.

It is contended by the defendant that it is improper to join a count in trover with counts in trespass *quare clausum fregit* and that therefore the declaration as a whole is bad on general demurrer.

The general underlying principle of joinder, in common law pleading is that when the forms of actions are such that the same plea may be pleaded and the same judgment given on all the counts in the declaration, or the counts being of the same nature, that the same judgment may be given on all, the several actions may be brought in the same suit and declared upon in several counts in the same declaration. 1 *Woolley on Del. Prac.*, § 159.

This Court held in *Marley v. Slaw*, 2 *Boyce* 534, 535, 82 *A*. 89, that:

"A count in trespass for an assault and battery or false imprisonment cannot be joined with trespass on the case, *ex delicto*—as malicious prosecution, or any other wrong unaccompanied by force—notwithstanding these several causes of action require the same general issue; for the reason that they require, at common law, different judgments." Citing *Gould's Pleading*.

It is stated in *Archbold Civil Pleading,* at page 160, that:

"A count in trespass cannot be joined with a count in any other form of action because the judgments are different. Thus for instance trespass and case cannot be joined." Citing 1 *L. Raym.* 273:274; 2 *Saund.* 117, *e.* (*n.* 2). See *Alleyn* 9, *Lutw.* 1526, 1 *Show.* 180, *Carth,* 113, 5 *Mod.* 91.

In the same authority at page 161 it is stated that:

"Trover cannot be joined with any other form of action but case."

In the case of *Cooper v. Bissell,* 16 *Johns.* (*N. Y.*) 146, the Court said:

"The rule in regard to joining different counts in the same declaration is somewhat perplexed; but a review of all the adjudged cases warrants, at least, this conclusion, that where the counts require different judgments, they cannot be joined. (*Tidd. Pr.* 11, *in notis;* 1 *Chitty Plead.* 199; *Courtney v. Collett, Ld. Raym.* 272; 2 *Saund.* 117, *e, n.* 2.) The judgment in trespass *vi et armis,* and for all other torts committed with force and violence, is, beside damages, *quod defendens capiatur pro fine;* and in all actions of trespass on the case, for torts, which imply no force, the judgment is *quod sit in misericordia.* Trover is of the latter description, and, therefore, cannot be joined with trespass *vi et armis.*"

 At common law the consequences of a misjoinder are more important than the circumstances of a particular count being defective, for in the case of a misjoinder, however perfect the counts may be in themselves, the declaration will be bad on general demurrer, or in arrest of judgment, or upon error. 1 *Chitty Pl.* 187.

By a statute of this State, being *Section* 4881 of the *Revised Code* of 1935 (but which has no application to the present case) the common law rule relating to misjoinder of counts has been modified. Said *Section* provides:

"After verdict, judgment shall not be arrested, nor reversed, * * * for misjoinder of causes of action; nor for any error in any count, if there be a sufficient count in the declaration, unless it expressly appears that some part of the verdict was found on matter not contained in any good count."

The declaration is bad for misjoinder. The demurrer to the declaration is sustained.