**William C. FORBIS, Plaintiff,**

**v.**

**EDUCATORS AUTOMOBILE INSUR-
ANCE COMPANY, a foreign
corporation, Defendant.**

**Civ. No. 63-81.**

United States District Court
W. D. Oklahoma.

March 22, 1965.

Frantz C. Conrad, Oklahoma City, Okl., for plaintiff.

Burton Johnson, Looney, Watts, Looney, Nichols & Johnson and Charles W. Stubbs, Oklahoma City, Okl., for defendant.

DAUGHERTY, District Judge.

Plaintiff became the general agent for the State of Oklahoma for the defendant, a Texas insurance company, with principal office at Ft. Worth, Texas, pursuant to a General Agent's Agreement dated May 16, 1960. Under this agreement, plaintiff was to secure and appoint local agents in Oklahoma subject to approval of the defendant; instruct, advise and assist such local agents and make regular periodic calls upon them; plaintiff was to receive from the defendant 5% in commissions on net premiums written by the local agents in Oklahoma and accepted by the company. The said agreement provides that the defendant has the right to cancel any licensed agent in the State of Oklahoma for just cause. This agreement also provides for termination and cancellation of the same by either party at any time upon 90 days' written notice to the other. By this agreement the Agency had no fixed term or duration.

Under said General Agents Agreement, the plaintiff secured and appointed local agents in Oklahoma, all of whom were then duly licensed as local agents for defendant by the Oklahoma State Insurance Commissioner. It appears that each local agent obtained by plaintiff entered into a separate Agent's Agreement with

the defendant each of which provides that the defendant has the right at any time to reject any risk submitted by any such local agent; that defendant has the right at any time to revoke, by written or telegraphic notice, the Agent's authority to issue policies, binders and/or endorsements; that the said Agent's Agreement could be cancelled at any time by either party upon written notice to the other. The only such Agency Agreement placed in evidence was executed for and on behalf of the defendant by the plaintiff.

It appears from the evidence that the defendant experienced some difficulty with the Texas Insurance Department in connection with the sale of the company in which the books and records of the company were transferred to the State of Arkansas which transfer of books and records was objectionable to the said Texas Insurance Department. Court litigation and a receivership apparently was threatened and did ensue but a receiver, while appointed by the District Court of Texas, never qualified and actually took over the defendant company. In due course, it appears that the defendant surrendered its Certificate of Authority to the Texas Insurance Department but retained its charter as a Texas Insurance Company. Apparently, no business is being transacted under the charter for lack of a Certificate of Authority.

During the above difficulties and on February 18, 1963, the defendant advised all agents by a written Inter-Office Correspondence that the defendant had been sold and was under new management; that all correspondence and claims should be directed to an Arkansas address. Then on February 22, 1963, the defendant sent a further written notice addressed to all agents that the defendant had been sold and the new management had decided to discontinue operations of the company as of February 23, 1963; that all business received after February 23, 1963, will be returned; that all existing business had been reinsured and policies now in effect will be permitted to run to their normal expiration date; that all claims will be handled through an Arkansas office. Defendant claims these two moves were taken to demonstrate good faith with the Texas Insurance Department. It appears that these two notices above were sent only to local agents of the defendant and neither was sent to the plaintiff as a general agent of the defendant.

On March 1, 1963, the plaintiff brought suit against the defendant in the state District Court of Oklahoma County, Oklahoma, which case was removed to this Court, in which suit the plaintiff claims that the February 22, 1963, notice to local agents terminated the General Agent's Agreement between the plaintiff and defendant and did so without the required 90-day notice of cancellation of said General Agent's Agreement being given; that plaintiff has been damaged in the sum of $40,000.00 because said breach of contract practically destroyed his organization and damaged an additional $40,000.00 as punitive damages due to malice and gross negligence on the part of the defendant in the claimed termination of the General Agent's Agreement. Plaintiff also claims in said suit that defendant owes plaintiff $2,000.00 in unpaid commissions on Oklahoma business.

The defendant by way of answer denies that it terminated the said General Agent's Agreement but only temporarily suspended its operations due to difficulties with the Texas Insurance Department; that defendant had the right to accept or reject business written by its local agents as provided in the local agent's agreement. The defendant attached to its answer a copy of the Temporary Restraining Order of the Texas District Court which was dated March 4, 1963. With reference to the unpaid commissions due plaintiff in the amount of $2,000.00 the defendant alleges that it has not been able to obtain the necessary records to ascertain if anything is due plaintiff or not with reference to earned commissions.

With reference to the said claim for unpaid commissions the parties have worked out an accounting arrangement pertaining thereto and at the time of the non-jury trial herein, have agreed that defendant owes the plaintiff the sum of $374.15 representing unpaid commissions due plaintiff under the General Agent's Agreement, and that judgment should be entered herein in favor of plaintiff and against the defendant for said amount.

It would appear without doubt that the actions of the defendant by its February 18, 1963, and February 22, 1963, communications to its local agents in Oklahoma, did not purport to terminate or cancel the General Agent's Agreement of May 16, 1960, with the plaintiff, or cancel any licensed agents of the defendant in the State of Oklahoma. Neither was then or ever communicated to the plaintiff as General Agent for Oklahoma. No action was then or ever taken by defendant with the Oklahoma State Insurance Board to cancel the licenses of any of its local agents in Oklahoma.

The communication of February 22, 1963, to the local agents, announcing a discontinuance of operations as of February 23, 1963, rejecting new business and providing for the handling of existing business would seem to conform to the rights of the defendant company to so proceed as provided in the Agency Agreements with its local agents "at any time to reject any risk submitted," and, "at any time, to revoke, by written or telegraphic notice, the Agent's authority to issue policies, binders and/or endorsements." As far as such action cancelling the Agency Agreements with the local agents, all of such agreements provide that the defendant could cancel such agreements "at any time by either party upon written notice to the other."

Since these actions on their face did not terminate or cancel the General Agent's Agreement as claimed by plaintiff, it might be proper to consider whether or not they, or either of them, had the indirect effect of doing so, since the evidence shows that the defendant did not from February 23, 1963, to the date of trial herein accept any new business. It would appear correct to then conclude that instead of terminating or cancelling the General Agency Agreement with the plaintiff, that defendant on February 23, 1963, ceased doing any new insurance business but did make arrangements to continue operations with existing business.

The only cases presented to the Court dealing with this situation are Moore, et al., v. Security Trust and Life Ins. Co. (CCA–8th Cir.), 168 F. 496, which in syllabus 1 provides:

"A contract by a life insurance company, whereby it turns over its property and business to a rival company and incapacitates itself to continue its insurance business, is not a breach of a contract of appointment of agents which contains no agreement fixing the time such appointment shall continue."

And the case of Wheeler v. Hartford Life Ins. Co. of Hartford, Conn., (CCA–8 Cir.), 227 F. 369, which in syllabus 1 provides:

"A contract of agency by which a life insurance company appointed a general agent for certain territory, to be paid by commissions on the premiums collected on policies secured by him, in the absence of any provision for a fixed term is one terminable at will, notwithstanding a provision for its termination on notice, and the fact that the company ceased to do business in such territory did not constitute a breach of the contract for which the agent can recover damages."

▪ Thus, it would seem that under the foregoing authorities the defendant had the right to cease doing business at any time without thereby breaching its contract with its general agent for Oklahoma, the plaintiff, and the 90-day notice provision in the General Agent's Agreement would not be brought into play under a cease doing business situation.

In passing, it should be noted that plaintiff, relying upon termination without the 90-day notice, seeks sizeable damages for practically destroying his organization and presented proof in support thereof by showing all his expenses and time spent and then deducting his 5% commissions received. In all events, such would not be the basis for the assessment of damages. See Massachusetts Bonding and Ins. Co. v. Johnston & Harder, Inc., 348 Pa. 512, 35 A.2d 721, which holds that basis for assessment of damages would be agent's loss of profits on business he could write during the notice period. Also, see Foster v. Lincoln Fire Ins. Co., of New York, 5 Cir., 80 F.2d 336; and Pellet v. Manufacturers' & Merchants' Ins. Co. of Pittsburg, Pa., 7 Cir., 104 F. 502.

It is, therefore, the finding and conclusion of the Court that the defendant did not terminate or cancel the General Agent's Agreement by the act of advising its local agents in Oklahoma on February 22, 1963, not to submit any new business; that defendant had this right under its Agency Agreements with its local agents under two provisions thereof, namely, its right to reject any risk and its right to revoke, by written or telegraphic notice, any local agent's authority to issue policies, etc. Further, it is the finding and judgment of the Court that said February 22, 1963, notice to its local agents did not purport to nor did the same have the effect of cancelling any of its licensed agents in Oklahoma which could only be done to or through the State Insurance Board of Oklahoma.

Moreover, it is the further finding and conclusion of the Court that the defendant had the right to cease operations in Oklahoma without thereby breaching its General Agent's Agreement and subjecting it to damages therefor under the above authorities.

Accordingly, judgment should be entered in favor of the plaintiff for $374.15 representing earned but unpaid commissions due the plaintiff from the defendant, and judgment should be entered in favor of defendant and against the plaintiff on plaintiff's cause of action for damages for breach of contract. Counsel will prepare an appropriate judgment in conformance with the foregoing for the signature of the Court and entry herein.